# FRANK THOMPSON, EXECUTOR, ET AL., RESPONDENTS, *v.* MORONI SKEEN ET AL. AND RICHARD FLINT, APPELLANTS.

SEPARATE MORTGAGES— FORECLOSURE—COSTS— PLEADING— SUFFICIENCY OF ANSWER.

1. The plaintiffs held two mortgages, under two separate debts, on the same property. Judgment without sale of the property was had on the first mortgage, and then both causes were consolidated before the trial in the second suit, without objection. *Held* that, while the plaintiffs ought to have foreclosed both mortgages in one suit, the lien of the mortgages foreclosed in the second was not lost by reason of the first suit.

2. Where a mortgagee brings two suits to foreclose two separate mortgages on the same property, when one would be sufficient, he will be allowed costs in one only.

3. Where the legal representatives of a deceased person in their complaint allege that they are suing under the authority of the will of the deceased, which was probated in a court of record, and all necessary steps taken to enable them to sue, and in the answer the allegations are denied only on information and belief, the denial is not sufficiently specific as to the facts set up. In such case it may be assumed that the facts were admitted, and in such event no evidence of their existence is necessary.

(No. 716. Decided Oct. 31, 1896.)

Appeal from the Second district court, Weber county. Hon. H. H. Rolapp, *Judge.*

Action by Frank Thompson, executor of James Thompson, deceased, and Joseph R. Lane, administrator with the will annexed of James Thompson, deceased, against Moroni Skeen and others. The actions were consolidated,

14 UTAH—14

and judgment rendered for plaintiffs, and defendant Richard Flint appeals. *Affirmed.*

*E. T. Hulaniski,* for appellant:

There can be but one action for the recovery of any debt, or the enforcement of any right secured by mortgage upon real estate or personal property, which action must be in accordance with the provisions of this chapter. Code of Civil Proc. of Utah, par. 3460; sec. 606, vol. 2, p. 320, Comp. Laws 1888; *Bacon* v. *Raybould,* 4 Utah 357; *Porter* v. *Muller,* 65 Cal. 512; *Ould* v. *Stoddard,* 54 Cal. 613; *Eastman* v. *Thurman,* 24 Cal. 382.

Whether there was one contract or two is immaterial, so far as this case is concerned, for the subject matter of the two suits already brought against the petitioner was embraced in the first contract. *Bullard* v. *Thorp,* 66 Vt. 599; 44 Am. St. R. 872.

Two mortgages on the same land must be foreclosed in one action.     17 Hun 424; *Hall* v. *Arnot,* 80 Cal. 348; *Potter* v. *Crandall,* 1 Clark Ch. 79; *Tower* v. *White,* 10 Paige Ch. 395; *Homœopathic Mut. Life Ins. Co.* v. *Sixbury,* 18 Hun 728.

An objection to the sufficiency of the denials can not be raised for the first time in the appellate court. *People* v. *Swift,* 96 Cal. 165; *White* v. *R. R. Co.,* 50 Cal. 419; *Alhambra Addition Water Co.* v. *Richardson,* 72 Cal. 598.

*Whipple & Johnson,* for respondents.

The appellant says that the respondent cannot now raise the question of the sufficiency of the denials for the first time in the appellate court and cites authorities to sustain his position. The rule stated by appellant is correct where the plaintiff treated the denials as creating an issue, but it is not the rule where the plaintiff

treated the denials upon the trial as not creating an issue. The position we take is clearly held in cases cited by appellant upon this point.

BARTCH, J.:

It appears from the record in this case that on the 3d of April, 1893, the defendants Moroni Skeen and Martha I. Skeen made their promissory note to James Thompson, since deceased, in the sum of $3,000, due in three years from date thereof, with interest at 12 per cent, payable semi-annually, and at the same time made to him six interest coupon notes, each for $120, to represent 8 per cent of the interest as it would accrue, and also at the same time made to him six notes of $60 each, to represent the remaining 4 per cent interest, due and payable at stated periods as the interest would accrue. The note given for the principal sum, and the coupon notes of $120 each, were all secured by one mortgage on a certain tract of land, and the six interest notes of $60 each were secured by another separate and distinct mortgage on the same land. James Thompson, the payee, died January 2, 1895, and on March 6, 1895, suit was brought to recover the last-mentioned mortgage, in which suit the parties plaintiff and defendant were the same as in the present one. The appellant herein was made a defendant in both suits, and claimed, and set up in his answer, a judgment lien upon the same land as that described in the mortgage. In the first suit, judgment by default was rendered on the 5th of March, 1896, against all the defendants except the appellant herein; and on the day following, upon trial had, judgment was also rendered against him. On the 12th of March, 1895, the second suit was commenced to foreclose the mortgage on the principal sum and coupon notes. After judgment was rendered in the first suit, but before any sale of the prop-

erty was made, the two cases were consolidated, on motion of counsel for the plaintiffs, without opposition, as far as appears from the record, from any of the defendants. Thereafter the case was tried, and judgment entered in favor of the plaintiffs and against all the defendants, and so much of the property ordered to be sold as would be necessary to pay the judgment, interest, and costs of one suit; the plaintiffs to pay the costs of the other.

Under this state of facts, the first question which is presented by this appeal is whether the first suit was a bar to the second. Counsel for the appellant insists that the respondents exhausted all their rights under their mortgages in the first action, so far as the property was concerned, and that the court ought to have dismissed the second action. It is true that section 3460, Comp. Laws Utah 1888, provides that there can be but one action for the recovery of any debt or the enforcement of any right secured by mortgage upon real estate or personal property, but we do not think that the case at bar comes within the terms and meaning of this statute. Here there were two separate mortgages securing separate debts, although on the same property; and while the legal representatives of the mortgagee ought to have foreclosed both mortgages in one suit, still, as there was no sale under the first judgment, and both causes were consolidated before the trial in the second suit, without objection, we do not think the lien of the mortgage foreclosed in the second suit was lost by reason of the first suit. One of the strongest objections to be urged against two suits, where one will suffice, is that such a course tends to oppression, by assessing unnecessary costs against the defendant. This lost much of its force in the present instance by consolidating the two cases, and taxing the costs in one of them against the plaintiff.

Where a mortgagee brings two suits to foreclose two separate mortgages on the same property, when one would be sufficient, he will be allowed costs in one only, because, in case of two or more mortgages on the same land, whenever practicable, but one suit should be brought to foreclose the same. 2 Jones Mortg. § 1458; Wilts. Mortg. Forec. § 272; *Demarest* v. *Berry*, 16 N. J. Eq. 481; *Roosevelt* v. *Ellithorp*, 10 Paige Ch. 415. Counsel for the appellant cites the case of *Bacon* v. *Raybould*, 4 Utah 357, to sustain his contention; but an examination of the facts in that case will show that they are very different from the facts in this, and, in the main, the case does not conflict with the views herein expressed, and the conclusion reached was doubtless correct. There is, however, a statement in the opinion which is probably open to criticism. It reads as follows: "A party having one suit, either pending or in judgment, for a debt secured by mortgage, cannot have another action for the recovery of the same debt. His whole claim must be embraced in one suit." If by this is meant that the mere pendency of a foreclosure suit divests, without judgment and sale of the mortgaged property, the lien of another mortgage on the same property, securing another debt due, created by the same transaction as the one sued on, and not included in the same suit, then we cannot assent to the proposition; and, as the language employed is perhaps admissible of such construction, it must be disapproved, so far as it is in conflict herewith.

Counsel for the appellant also contends that there was no evidence introduced to show that the respondents were empowered to sue as the legal representatives of the deceased. Their capacity in this respect was properly alleged in the amended complaint, and denied in the answer only on information and belief, although the appellant had been informed by allegation in the complaint

that the will of the deceased had been probated in Salt Lake county, Utah, and the necessary steps taken to enable the plaintiffs to sue. This was all matter of record, and positive information was therefore within reach of the appellant. Instead of obtaining the real facts respecting this question, the appellant contented himself with denying whole paragraphs of the complaint in a general way, upon information and belief. This was no denial of the specific facts set up. It may therefore be assumed that the facts were admitted, and in such event no evidence of their existence is necessary. Where, as in this case, a verified complaint points to the public record of proceedings, the facts of which are properly alleged in such complaint, the defendant will not, when he can have access to such record, be permitted to answer that he has no knowledge, or information sufficient to form a belief, and base his denial of such facts upon that ground. He cannot plead ignorance of a public record, to which he has access, and can refer and obtain positive knowledge respecting the allegations which he is to answer. *Mulcahy* v. *Buckley*, 100 Cal. 484; *Loveland* v. *Garner*, 74 Cal. 298; *Goodell* v. *Blumer*, 41 Wis. 436.

We do not deem a further discussion of the points presented in the record important, because there appears to be no reversible error. The judgment is affirmed.

ZANE, C. J., and MINER, J., concur.