[S. F. No. 2248.   In Bank.—March 19, 1903.]

## WARNER BROTHERS COMPANY, Respondent, v. TINY FREUD, Administratrix, etc., et al., Appellants.

FORECLOSURE OF MORTGAGE—SALE—REDEMPTION BY ONE JOINT OWNER—EQUITABLE LIEN FOR REIMBURSEMENT.—A redemption by one of several joint owners from a sale under foreclosure of a mortgage has the effect to terminate the sale, and merely gives to such joint owner an equitable lien upon the interests of the other joint owners for reimbursement of their proportion of the money paid, with interest.

ID.—FORECLOSURE OF EQUITABLE LIEN—ERRONEOUS DECREE OF FORFEITURE—SALE ESSENTIAL.—It was error to grant a strict foreclosure of such equitable lien, so as to forfeit the interests of the other joint owners for non-payment within a time fixed.   The holder of such lien has no legal title; and the only proper decree is for a sale of such interests to satisfy the lien, if the amount is not paid within a reasonable time to be fixed by the court.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco.   Edward A. Belcher, Judge.

The facts are stated in the opinion.

W. S. Goodfellow, and W. B. Bosley, for Appellant.

The plaintiff has merely an equitable lien for contribution against the other joint owners. (3 Sharswood & Budd's Leading Cases, 88; *Titsworth* v. *Stout,* 49 Ill. 78;[1] *Cox* v. *Garst,* 105 Ill. 342, 346-347; *Calkins* v. *Steinbach,* 66 Cal. 117; *Carpentier* v. *Brenham,* 40 Cal. 221.) Strict foreclosure can never be allowed, unless the plaintiff has the legal title. (*Moulton* v. *Cornish,* 138 N. Y. 133, 140-141; Jones on Mortgages, 5th ed., secs. 1538-1541; Kerr's Supplement to Wiltsie on Mortgage Foreclosures, secs. 826-827.) The only appropriate remedy for an equitable lien is to order the sale of the interests subject thereto. (Jones on Liens, 2d ed., secs. 93, 1102; Story's Equity Jurisprudence, 13th ed., secs. 1217, 1233; *Titsworth* v. *Stout,* 49 Ill. 78;[1] *Perkins* v. *United States etc. Co.,* 16 Fed. Rep. 513; *King* v. *Thompson,* 9 Pet. 204, 222; *Perry* v. *Board of Missions etc.,* 102 N. Y. 99, 106; *Price* v. *Palmer,* 23 Hun, 504, 507; *Moulton* v. *Cornish,* 138 N. Y. 133.)

Hart H. North, Henry E. Monroe, and W. B. Treadwell, for Respondent.

The decree as made is in accordance with authority. (*Calkins* v. *Steinbach,* 66 Cal. 117; *Young* v. *Williams,* 17 Conn. 393, 398; *Hubbard* v. *Ascutney etc. Co.,* 20 Vt. 402;[2] *Taylor* v. *Porter,* 7 Mass. 355; *Lyon* v. *Robbins,* 45 Conn. 513, 524; *Giraldin* v. *Howard,* 103 Mo. 40; *Watkins* v. *Eaton,* 30 Me. 529, 534-535;[3] Freeman's Cotenancy and Partition, sec. 176; 2 Jones on Mortgages, sec. 1089; *Goodenow* v. *Ewer,* 16 Cal. 461, 468;[4] *Keller* v. *Lewis,* 53 Cal. 113; *Fairchild* v. *Mullan,* 90 Cal. 190; *Southern Pac. R. R. Co.* v. *Allen,* 112 Cal. 455, 462.)

HAYNES, C.—Appeal by the defendants from the judgment upon the judgment-roll.

In 1882, Morris Freud, being then seised of certain real estate in the city of San Francisco, executed a mortgage

---

[1] 95 Am. Dec. 577.         [3] 50 Am. Dec. 637.

[2] 50 Am. Dec. 41.          [4] 76 Am. Dec. 540.

thereon to the German Savings and Loan Society, to secure the payment of his promissory note for the sum of twelve thousand five hundred dollars. In January, 1893, he died leaving a will, whereby he devised the said land to his widow, the defendant, Tiny Freud, for life, with remainder in fee in equal shares to his five children, the defendants Rosa Vogelsdorf, Hannah Freud, Emily Eliaser, Jacob R. Freud, and Isaac Freud. In October, 1897, Jacob R. Freud conveyed to the plaintiff all of his interest in said land. Isaac Freud died intestate in January, 1889, and the defendant Emma Freud is the executrix of his will. Defendant Tiny Freud is the administratrix with the will annexed of the estate of said Morris Freud, deceased.

In November, 1887, said German Savings and Loan Society commenced proceedings to foreclose its said mortgage, and in due time obtained a decree of foreclosure of its said mortgage, and on May 31, 1898, said land was sold thereunder to the mortgagee. On November 30, 1898, the plaintiff redeemed said land from said sale by paying to the said purchaser the sum of $11,609.44, and the defendants not having contributed to this redemption, plaintiff, on December 30, 1898, instituted this suit, and on June 16, 1899, obtained a decree requiring defendants to pay to plaintiff within sixty days thereafter their several portions of the money paid by it to redeem said land. In addition to the facts hereinbefore stated, it was found by the court that there are debts, charges, and expenses of administration of the estate of Morris Freud, deceased, remaining unpaid, the amount of which is unknown, and that no final account of administration has been rendered; that Tiny Freud owns a life estate in the said real property; and that the value of the whole of said property is twenty-five thousand dollars; and, as conclusions of law, found the several amounts that the life tenant and the several remaindermen should pay, and further found that Tiny Freud, as administratrix, is entitled to redeem said property for the benefit of the estate by the payment to plaintiff of the amount paid by it to redeem the whole of the land with interest from the date of redemption, and that for the payment of each of said sums the plaintiff holds an equitable lien on the interest of each of said defendants in said property.

That plaintiff is entitled to be reimbursed for the money paid to redeem the property, and has an equitable lien on the property for the money so paid, and interest thereon, is not disputed; but the court erred in granting a strict foreclosure, whereby the title to the land would be forfeited to and vest in the plaintiff upon the failure of defendants to pay the sums severally found due within the sixty days limited therefor. (For a brief historical account of the nature and uses of the remedy by strict foreclosure, see Jones on Mortgages, sec. 1538.) It was the natural remedy upon a mortgage when it was regarded as a conditional sale of the land rather than as a mere security. But when a mortgage came to be regarded as a mere security for the debt, not vesting any title to the land in the mortgagee, but creating a lien simply, the natural remedy for the breach of the contract to pay was to sell the property and apply the proceeds to the payment of the debt, as in this way the debtor would have the benefit of the estate when this was of greater value than the debt, and if less, the mortgagee would have a claim for the deficiency. The remedy by strict foreclosure, in the case of common-law mortgages, is closely analogous to actions to quiet title where the plaintiff holds the legal title and seeks to remove some claim asserted against it. So strict foreclosure is often resorted to in cases of land contracts where the vendor has retained the title and the vendee has failed to perform his contract. In such case the court finds the amount unpaid, and decrees that it be paid on or before a day stated, and upon failure to make the payment that defendant's equity be foreclosed. Generally speaking, in cases of strict foreclosure, the plaintiff must have title against which the defendant has or asserts some equity. An exception to this general rule is the case of *Wilson* v. *Geisler,* 19 Ill. 49, where strict foreclosure was held proper in the case of a mortgage given for the entire purchase money, when the value of the premises is not more than the mortgage debt, and the mortgagor does not appear; but the correctness of that decision, I think, may well be doubted.

Here the plaintiff does not claim that it acquired any title to the land by its redemption from the sale to the bank. While a qualified legal title may have vested in the bank upon the

sale,—a title on condition, and subject to defeasance by redemption (*Pollard* v. *Harlow*, *ante*, 390),—yet as the plaintiff was not a redemptioner as that term is used in section 703 of the Code of Civil Procedure, he is not substituted to the full rights of the bank and entitled to a deed without a resale under that section, and by his redemption the sale was set at large, leaving the land subject to a lien in his favor. In *Estate of Freud*, 131 Cal. 667, 673,[1] in speaking of the effect of the sale and redemption, this court said: "The effect of this, in the legal aspect of the case, was simply to terminate 'the effect of the sale,' thus restoring the property to the estate, but reviving the lien of the mortgage for the benefit of the party redeeming. (Code Civ. Proc., sec. 703.) The appellant (plaintiff in this case) acquired no title, but an equitable lien only, by subrogation to the lien of the mortgagee." The redemption having been made by a successor in interest of the mortgagor, the effect of the sale is terminated.

Respondent cites *Calkins* v. *Steinbach*, 66 Cal. 117, in support of the judgment here appealed from. The facts in that case were similar to the facts in the present case, and the court below adjudged the plaintiff the owner in fee of the entire lands, and "that the defendants be forever barred from setting up any claim to said lands." This judgment was reversed; and the court, speaking by Ross, J., after stating that the plaintiff held an equitable lien upon all of Steinbach's interest, said: "To enforce the relative rights and obligations of the respective parties, it is necessary that this amount be judicially ascertained, a day fixed within which it may be paid, and a decree to the effect that in default of such payment, defendant be forever foreclosed of all right or interest in the land." No authority was cited in support of this proposition, nor was the question discussed, or any reference made to prior decisions in this court declaring that strict foreclosures "are unknown to our law," and that the mortgagee can in no case in this state become the owner of the mortgaged premises, except by purchase upon sale under judicial decree. (*McMillan* v. *Richards*, 9 Cal. 365;[2] *Goodenow* v. *Ewer*, 16 Cal. 461;[3] *Lord* v. *Morris*, 18 Cal. 489, and cases there cited.)

[1] 82 Am. St. Rep. 407.          [3] 76 Am. Dec. 540.
[2] 70 Am. Dec. 655, and note.

The judgment should be modified to the effect that in default of payment within a reasonable time to be fixed by the court, the property described in the complaint be sold and the proceeds, or so much thereof as may be necessary, be applied to the payment of the amount due plaintiff, and the surplus, if any, be paid to Tiny Freud, as administratrix with the will annexed of Morris Freud, deceased.

Chipman, C., and Cooper, C., concurred.

For the reasons given in the foregoing opinion it is ordered that the judgment be modified to the effect that in default of payment within a reasonable time to be fixed by the court, the property described in the complaint be sold and the proceeds, or so much thereof as may be necessary, be applied to the payment of the amount due plaintiff, and the surplus, if any, be paid to Tiny Freud, as administratrix with the will annexed of Morris Freud, deceased, and that when so modified, said judgment stand affirmed.

Van Dyke, J., Angellotti, J., Shaw, J., McFarland, J., Lorigan, J., Henshaw, J.

Beatty, C. J., concurred in the judgment.