# SALT LAKE INVESTMENT COMPANY v. FOX.

No. 2089. Decided March 25, 1910 (108 Pac. 1132).

1. QUIETING TITLE—FINDINGS—JUDGMENT. In a suit to quiet title, the court found that defendant was the owner in fee, subject to the interest and claim of plaintiff by virtue of the payment of taxes for certain years, no finding was made that the property was sold or purchased for taxes, and there was no evidence that plaintiff obtained any interest save an equitable lien for taxes paid. *Held*, that a judgment vesting title in plaintiff unless defendant pay to it the amount expended by plaintiff in payment of taxes within a specified time was not warranted, but should have been that on defendant's default to pay the taxes the property should be sold and the proceeds applied to plaintiff's claim, any surplus to be paid to defendant. (Page 338.)

2. TRIAL—ISSUES—FINDINGS. In a suit to quiet title, plaintiff alleged that it was the owner and entitled to the land in question, and prayed that its title be quieted. Defendant denied plaintiff's ownership, alleged ownership in himself, and prayed that his title be quieted. *Held*, that a finding that plaintiff had paid taxes on the land which belonged to defendant, and that plaintiff was entitled to an equitable lien therefor, was not without the issues. (Page 338.)

3. APPEAL AND ERROR—PRESENTATION OF QUESTIONS BELOW. In a suit to quiet title by one who had paid taxes on the land, a claim that plaintiff should, if given a lien for taxes paid, be charged with rents and profits derived from the property, could not be made for the first time on appeal. (Page 338.)

Appeal from District Court, Third District; *Hon. M. L. Ritchie*, Judge.

Action by Salt Lake Investment Company against Jesse M. Fox.

Judgment for plaintiff. Defendant appeals.

REVERSED.

*Gatrell & Johnson* for appellant.

*Patterson & Moyer* for respondent.

STRAUP, C. J.

This is an action to quiet title. The plaintiff alleged that it was the owner, in possession, and entitled to the possession of the land in question; that the defendant claimed an interest therein adverse to the plaintiff, and that he be required to set it forth, and that it be adjudged that it is unfounded, and that the title to the property be quieted in the plaintiff. The defendant denied plaintiff's ownership and right of possession, alleged ownership and right of possession in himself, and prayed that the title be quieted in him. The court found that the defendant, subject to the interest and claim of the plaintiff "by virtue of the payment of taxes from 1895 to 1906," amounting to $278.13, including interest, was the owner in fee and entitled to the possession of the property. It was further found by the court, that, after the trial and submission of the case, the court made an order that a decree be entered quieting the title in the defendant upon the condition that he, within thirty days after notice of the entry of the order, pay to the plaintiff the sum of $278.13, and that the defendant failed and refused to pay the same. As conclusions of law the court held that the defendant, prior to the making of the order, "was the owner of and entitled to the possession of the property," and "was entitled to a decree against the plaintiff quieting the title in the defendant" subject to the claim of the plaintiff for the repayment of taxes, and upon the condition that the defendant repay the taxes to the plaintiff as specified in the findings. The court further held "that by reason of the failure of the defendant to pay the said sum of $278.13 the plaintiff has become entitled to a decree vesting in it the title to said premises, and that such decree is in the nature of a foreclosure of the equitable lien of the plaintiff on said real estate and sale thereof because of said default; that the defendant is entitled to the benefit of an equitable application, as nearly as may be, of the provisions of the statutes relating to the redemption of real estate sold upon execution, to his rights herein, and therefore to the right to redeem said real estate upon the

payment within six months after legal service of a copy of the decree herein of said sum of $278.13, with interest at the rate of six per cent. per annum from the date of the service of a copy of such decree, and with any other lawful charges that may accrue by virtue of the provisions of section 3262 of the Compiled Laws of Utah of 1907." A decree or judgment was entered by the court that the plaintiff "have judgment as prayed for in his complaint against the defendant quieting the title of the said plaintiff to all of the property described in its complaint, against all claims, pretensions, or demands of the said defendant, . . . on condition, however, that if the defendant shall pay or cause to be paid within six months after service or notice of the entry of the decree the sum of $278.13, with interest thereon, . . . then, upon such payment, the defendant will be entitled to a decree of this court that he is the owner of and entitled to the possession of the property hereinafter described, and quieting his said title thereto against all claims whatsoever of the plaintiff, but that if the payment of said sum or sums be not paid as herein provided, then the defendant shall stand barred and foreclosed of any and all interest whatsoever in said property." From the judgment so entered, the defendant has prosecuted this appeal.

We are of the opinion that the judgment is not responsive to, and is not supported by, the findings. The judgment was evidently entered, and is defended, on the theory that, in equity, the defendant was not entitled to the relief quieting the title of the property in him until he himself did equity by paying the taxes, together with legal interest. Conceding that the court, under circumstances, could properly so have withheld such relief from the defendant, yet, upon the findings, we find no basis for a judgment in favor of the plaintiff quieting the title of the property in it. No finding is made by the court showing that the plaintiff had title, or right of posession, or that it had acquired or held any right, title, or interest in or to the property, except that it paid the taxes from 1895 to 1906, and that such payments by plaintiff "tended to preserve the property for the defendant."

No finding is made that the property was sold or purchased for nonpayment of taxes, or that any certificate of sale or tax deed was held by plaintiff or was issued, or that the plaintiff otherwise obtained or acquired any title to, or estate in, the property, or any right to possess it. To the contrary, the court expressly found "that the plaintiff has no other right, title, estate or interest in, or claim to the property in question than that set forth in these findings growing out of the payment of the taxes aforesaid." Notwithstanding such findings, the court nevertheless entered a decree that, if the defendant failed to repay the amount of the taxes within six months, "the title of the property should be quieted in the plaintiff against all claims and demands of the defendant," and that the defendant be barred and foreclosed of any and all interest whatsoever in and to the property. There is, therefore, no finding to support the judgment that the plaintiff is the owner or entitled to the possession of the property, or to a "judgment as prayed for in its complaint" quieting the title in itself and decreeing that the defendant has no interest or estate therein. Neither do we find anything in the evidence to justify a finding that the plaintiff had obtained any such title, or right of possession, or other interest, except, as found by the court, an equitable lien for taxes paid. Now, assuming that the court, on equitable principles, could have refused to declare the defendant vested with fee-simple title as against plaintiff's claim or lien, until the defendant repaid the taxes, still, there being no finding and no evidence to show that the plaintiff had title or was the owner or entitled to the possession of the property, and it being found and shown by the evidence that it had no interest in or to the property except an equitable lien for the payment of the taxes, the court was not justified in rendering a judgment that it became the owner and was entitled to the possession of the property upon the defendant's mere default to pay the taxes as required by the court. The court could not thus divest the defendant of the fee-simple title found to be in him, and vest the plaintiff with title found not to be in it. Under the

37 Utah—22

circumstances, and in view of the findings, we think the judgment which ought to have been entered by the court is that the defendant is the owner of the property subject to plaintiff's claim, and that upon the defendant's default to pay the taxes and discharge the lien as required by the court, to order the property sold under the direction of the court, and the proceeds of sale applied in payment of plaintiff's claim, and the surplus, if any, yielded to the defendant.

We think that the contention made by the appellant that the court's findings in respect of the plaintiff's payment of taxes, and declaring it entitled to an equitable lien therefor on the property, were not within the issues, is not well founded. Nor, in view of the record, is the further claim tenable, which is made by the appellant, that if the plaintiff be given a lien for the payment of the taxes it ought to be charged with the reasonable rents and profits derived by it from the property. Such a claim is urged for the first time in this court. No such issue was tendered, and no such claim was made in the court below. It is not shown what the rents and profits were, nor was there any evidence offered or introduced on such a subject. This case has been tried twice, and has twice been here on appeal. We see no merit to this appeal, except the question relating to the form of the judgment as rendered and entered. We think this litigation ought to end, and see no good purpose in remanding the case for a new trial. It is therefore adjudged by this court that the judgment of the court below as entered be set aside, and the case remanded to the trial court with directions to enter a judgment that the defendant is the owner and entitled to the possession of the property subject to plaintiff's lien for the payment of the taxes amounting to $278.13, together with accrued interest and costs, that the defendant be required to pay the same to the plaintiff, or to the clerk of the district court for its use, within thirty days after the entry of such judgment, and in default thereof the property be sold under the order and direction of the court, and the proceeds of sale applied, first,

to the costs of sale, then in payment of plaintiff's claim together with accrued interest and costs, and the surplus, if any, yielded to the defendant; and that the defendant be given the right of redemption as in case of sales under execution.   Costs to appellant.

It is so ordered.

FRICK and McCARTY, JJ., concur.