MARGARET L. VARICK, as Executor and Trustee under the Last Will and Testament of ABRAHAM VARICK, Deceased, Plaintiff, *v.* MARY J. HIGGINS and Others, Defendants.

(Supreme Court, Bronx Special Term, March, 1917.)

Foreclosure — of mortgages — judgment of — actions — deeds — removal of cloud on title — when original mortgage is superior lien.

Where a creditor gives up a good security and accepts a worthless one in its place under a mistake of fact, he will be reinstated as to his original security if it can be accomplished without injury to the rights and equities of third persons.

In an action to foreclose a mortgage it appeared that B., one of the defendants, because of a recorded conveyance purporting to be made by her to H., the testator of one of the other defendants, was not made a party defendant in an action previously brought by plaintiff's predecessor in interest to foreclose the same mortgage. That action proceeded to a judgment and sale and the property was purchased by said testator who as part of the purchase price gave to plaintiff in said action, the predecessor in interest of the plaintiff in the present action, a purchase money mortgage for the same amount as the mort-

gage under foreclosure, the balance of the purchase price being paid in cash. Seven years later, B. brought an action against H. to recover possession of the premises in question claiming that she never executed the purported conveyance to the testator of H. On the trial of the present action B., who in her answer alleged that said deed was a forgery, made no attempt to give evidence in support of such allegation and her counsel announced that he did not seek to impeach the deed. *Held,* that plaintiff was entitled to relief as against B. who rendered the present action necessary by her repudiation of the deed, prior to its institution, and by her confirmation of such repudiation in her answer.

That plaintiff, if so desirous, is entitled to a second judgment of foreclosure of the mortgage, the defendants other than B. making no objection, as such form of relief will have the effect as against B. of removing a cloud upon plaintiff's mortgage and settling the issue of the validity of the deed in question as between plaintiff and B.

That there should be judgment in favor of plaintiff entitling her to enforce the original mortgage and reviving the same as against the defendants as an existing security for the payment of the principal and interest due thereon and adjudging that said mortgage is a prior and superior lien and that she have the usual judgment of foreclosure and sale, with costs against defendant B.

The nature of the action and the facts, so far as material, are stated in the opinion.

Harris, Corwin, Moffat & Schek (John H. Corwin, of counsel), for plaintiff.

Blandy, Mooney & Shipman (Charles Blandy, of counsel), for defendant Margaret Burke.

GIEGERICH, J. The action is brought for the foreclosure of a mortgage. The facts are undisputed and are as follows: The plaintiff's predecessor in interest brought an action in the year 1907 to foreclose the

mortgage now sought to be foreclosed, but did not make the defendant Margaret Burke a party defendant because there appeared upon the record a conveyance purporting to be made by her in her former name of Margaret Golden, to John Higgins, the testator of the defendant Mary J. Higgins. Had it not been for such conveyance the defendant Burke would have been a necessary party in that former action as, but for such conveyance, she would have been the owner of the equity in the premises under foreclosure. Such foreclosure action proceeded to a judgment and sale and the property was bought in by the said John Higgins, who, as a part of the purchase price, gave back to John L. Varick, the plaintiff in that action and the predecessor in interest of the plaintiff in this action, a purchase money mortgage for $4,300, that being the same amount as the mortgage under foreclosure, the balance of the purchase price being paid in cash. Subsequently, and in the year 1914, the defendant Margaret Burke brought an action to recover from the defendant Mary J. Higgins the possession of the premises in question, claiming that she never executed the deed aforesaid. In her amended answer herein the defendant Burke alleges that the deed referred to was a forgery. Upon the trial, the defendant Burke did not attempt to give any evidence in support of her claim that the said deed was a forgery, but, on the contrary, her counsel announced that he did not seek to impeach the deed, and now, upon the submission of the case for decision, he argues that, as that deed stands unchallenged, the fact is established that his client had no interest in the property at the time of the former foreclosure and that foreclosure was valid and the mortgage upon which it was brought has been paid and discharged and no longer has any existence, and, consequently, that there

is no basis for any judgment whatever in favor of the plaintiff, and that the complaint should be dismissed as to the defendant Margaret Burke, with costs. On the other hand, the attorney for the plaintiff argues that in either aspect of the case, and whether the conveyance in question was a forgery or was valid, the plaintiff had good ground for bringing the action and is entitled to judgment in either event. If that deed was valid, then the argument is that, in view of the assertion of the defendant Burke to the contrary in the action above referred to and in her answer in this case, the plaintiff is entitled to a judgment to establish the validity of her security; while on the other hand, if the deed was a forgery, then, since the defendant Burke originally took title to the premises with a provision that she so took it subject to the original mortgage, the plaintiff is entitled to a judgment of foreclosure as against the defendant Burke because, as to her, the original action would have no effect as she was not made a party and that, as to her, the giving of the new mortgage did not have the effect of paying or discharging or otherwise affecting the original mortgage. In support of this latter position the counsel for the plaintiff relies upon the equitable doctrine that if a creditor gives up a good security and accepts a worthless one in its place under a mistake of fact, then such creditor will be reinstated as to his original security where it can be accomplished without injury to the rights and equities of third persons, citing *Gans* v. *Thieme,* 93 N. Y. 225, and cases in other states cited by Thomas Mort. (3d ed.) 386, n. 81, and citing also *Hyde* v. *Tanner,* 1 Barb. 75; *Lumber Exchange Bank* v. *Miller,* 18 Misc. Rep. 127. There would seem to be no question but that the plaintiff is entitled to some relief against the defendant Burke, who rendered

the action necessary by her repudiation of the deed prior to its institution, and has rendered its prosecution necessary by her confirmation of such repudiation in her answer. The only question is the form which the relief should take. Inasmuch as it has to be taken as established now that the defendant Burke has no interest in the property, I do not think she has any standing to question the plaintiff's right to a second judgment of foreclosure of the mortgage if the plaintiff desires to take her relief in that form, since none of the other defendants object to such form of judgment. The record does not disclose what effect, if any, such form of judgment will have as between the plaintiff and the other defendants; but, at any rate, it will have the effect, as against the defendant Burke, of removing a cloud upon the plaintiff's security and settling the issue of the validity of the deed in question as between the plaintiff and the defendant Burke. My conclusion is that there should be judgment in favor of the plaintiff entitling her to enforce against the land and premises in suit the original mortgage in question and reviving the said mortgage as against the defendants herein as an existing security for the payment of $4,300 and interest thereon from April 20, 1916, and adjudging that the original mortgage is a prior and superior lien and that the plaintiff have the usual judgment of foreclosure and sale, with costs against the defendant Burke, as more specifically set forth in the conclusions of law found by me. The requests for findings of the respective parties have been found by me as indicated on the margins thereof. Submit for my signature upon two days' notice of presentation a decision embodying all findings made by me, with proof of service on the other side.

Ordered accordingly.