## No. 9187.

### MILLER v. CITY AND COUNTY OF DENVER.

1. JUDGE—*Disqualifying Interest in Controversy.* Clayton's will devised certain properties for establishing a college under the management of a board of trustees, of which the presiding judge of the District Court of the second judicial district was, by the will, appointed a member. One of the judges of the court, not the presiding justice, was held not disqualified to sit in a controversy over property included in the trust.

*Semble.* Even the presiding justice is not disqualified in like case.

2. MORTGAGE—*Void Foreclosure,* is without effect to impair the lien of the mortgage.

3. ABATEMENT—*Prior Action Pending.* Action to foreclose a mortgage. In a prior action in ejectment by the predecessor in interest of plaintiff, judgment was given for defendant; but his cross complaint praying that the title be quieted in him was rejected, and the mortgage declared a subsisting lien. A writ of error pending to review this judgment was held no abatement of the bill for foreclosure of the mortgage.

*Error to Denver District Court, Hon. Charles C. Butler,*
Judge.

Mr. CHARLES F. MILLER, *Pro se.*

Mr. JAMES A. MARSH and Mr. JACOB J. LIEBERMAN, for
defendant in error.

Mr. Justice Hill delivered the opinion of the court:

THIS action by the defendant in error was upon a
promissory note, and to foreclose a deed of trust as a mort-
gage given to secure its payment. The judgment was as
prayed. By the last will and testament of George W.
Clayton, deceased, title to certain properties of his, includ-
ing the note sued on, ultimately passed to the defendant
in error as trustee for the uses and purposes designated
in his will. The city accepted the trust and took title ac-
cordingly. Its right to do so has heretofore been sus-
tained. *Clayton v. Hallett, et al.,* 30 Colo. 231, 70 Pac.
429, 59 L. R. A. 407, 97 Am. St. 117. The will provides
for establishing and maintaining an educational institution
to be known as The George W. Clayton College, to be under
the management of a board of trustees. It designates the
presiding judge of the District Court of the second judicial
district, or such person as he may appoint, as a member
of this board. It also provides that the city, as owner in
trust of his property, shall allow the income therefrom to
go to the support of this college. For these reasons, it is
urged that not only the presiding judge of the second
judicial district, but Honorable C. C. Butler, the judge who
tried the case, as well as the other judges of said district,
were all disqualified to act, upon account of interest in the
controversy, and the court was without jurisdiction in the
premises. This contention was not made in the court below
until after the case had been tried, but regardless of this
it is untenable. Judge Butler was not a member of this
board and hence was in no respect interested in the result
of the controversy. Had he been the presiding judge, it is
probable (though need not be determined) that this would
not make him a party in interest to the extent of dis-

qualifying him to try the case. The weight of authority is that it would not. 23 Cyc., 579-580.

The plaintiff in error plead another cause of action pending undetermined in this court between the same parties, and alleged that it pertains to the same cause of action. He assigns error in the court's refusal to sustain this plea. The action referred to was in ejectment. The complaint therein alleged that the city (or its predecessor rather by whom the suit was brought) was the owner of three of the lots upon which foreclosure is sought in this case. The plaintiff in error as one of the defendants in the other action, plead possession and ownership. He also filed a cross-complaint wherein he sought to quiet his title against the city. In answer the city set forth its note unpaid, and deed of trust, and alleged if the foreclosure proceeding failed to convey title, that the note and deed of trust were still a lien upon the property. . The city's claim of ownership was based upon a purported foreclosure by the trustee of the deed of trust involved in the present action. This attempted foreclosure was declared void and set aside upon account of ambiguity and insufficiency in description. The court held, however, that the original deed of trust was in full force and effect, not having been foreclosed. For these reasons judgment was rendered in favor of the plaintiff in error Miller in the ejectment suit, and against him upon his claim to have his title quieted against the defendant in error as to any interest which it had in the premises by virtue of the note and deed of trust. We cannot agree that either of the former suits involved the same cause of action upon which relief is sought in this case.

Plaintiff in error insists that the attempted foreclosure by the trustee (even though void and even though the beneficiary who bid in the property got nothing, and for that reason could not maintain a suit in ejectment) determined the defendant's in error rights, in so far as any further relief was concerned to establish it as a lien upon the land. We cannot agree with this conclusion. Under the ruling in *Stephens v. Clay*, 17 Colo. 489, 30 Pac. 43, 31 Am. St. 328, when applied to the facts here, the city had

the right to have enforced its lien as a mortgage in order to satisfy the payment of its note.

We cannot agree with counsel as to his construction of the pleadings concerning the statute of limitations. When read as a whole, the original complaint alleged the payments of interest upon the note by the defendant Miller; he purchased the lots subject to the deed of trust given to secure this note, and in so far as foreclosure proceedings against him are concerned, he had a right to keep the note alive by paying the interest thereon. The pleadings disclose that the statute of limitations had not yet commenced to run upon the note. This was denied by him; tried as an issue and determined adverse to his contention. Neither can we agree that the question of election of remedies was involved.

Perceiving no prejudicial error, the application for supersedeas will be denied and the judgment affirmed.

*Supersedeas denied; judgment affirmed.*

Decision *en banc.*