## MICKELSON v. ANDERSON.

No. 5054. Decided May 3, 1932. (19 P. [2d] 1033.)
Rehearing Denied March 23, 1933.

*Ricy H. Jones* and *Elliott R. Wight,* both of Salt Lake City, for appellant.

*Leon Fonnesbeck* and *L. E. Nelson,* both of Logan, for respondent.

FOLLAND, Justice.

This is an action by plaintiff to foreclose and bar the defendant's "equity of redemption" in certain real property located in Cache county, Utah. The complaint alleges that a former action had been brought July 28, 1928, by plaintiff against Jeff Stowell and wife, David W. West and wife, Minnie Croft, Ida Burge, and one other for the foreclosure of a mortgage given by the Stowells and Wests to secure payment of a promissory note for $650 payable to plaintiff January 15, 1927; that Stowell and wife on May 18, 1922, conveyed the property to West, and on January 15, 1924, Stowell and West and their respective wives executed and delivered the note and mortgage to plaintiff; that on March 13, 1925, West and wife conveyed the mortgaged property to Minnie Croft, on September 14, 1925, Minnie Croft conveyed to Ida Burge, and on March 20, 1927, Ida Burge conveyed to Vivian Anderson; that the mortgage and all these conveyances were duly recorded; that prior to bringing the foreclosure suit plaintiff had caused an abstract of title to be prepared, but the abstractor had omitted therefrom the record of the conveyance from Ida Burge to Vivian Anderson, and by reason thereof Vivian Anderson, the then owner of the mortgaged property, was not included as a defendant in the foreclosure action; that all of the defendants de-

faulted, and on September 10, 1927, the court entered judgment against such defendants for principal, interest, taxes, insurance, attorney's fees, and costs, aggregating $973.41, with the usual decree of foreclosure directing sale of the mortgaged premises; that, pursuant to such decree, the property, on October 25, 1927, was sold by the sheriff and plaintiff became the purchaser for the sum of $500. The present action was brought April 18, 1928, less than six months after sale and before the expiration of the period of redemption. Plaintiff prayed judgment "that the court determine the right, title and interest of the defendant in and to said property, and that the court adjudge and decree that whatever right, title, claim and interest the defendant may have in and to said property be barred and foreclosed of all rights, claim or equity of redemption in said property and every part thereof." Plaintiff also prayed for general relief. The defendant demurred both generally and specially, which demurrer was overruled, and defendant answered. The answer consisted mainly of legal conclusions drawn from the facts set forth in the complaint, but also alleged that a deficiency judgment had been entered against the defendants in the former action in the sum of $505.60, which deficiency judgment was thereafter paid in full and duly satisfied and discharged of record, and also pleaded a judgment rendered in the United States District Court for the District of Utah in a certain action wherein Vivian Anderson was plaintiff and Emma Mickelson defendant as an adjudication and estoppel.

Subsequently, Esther T. Davis intervened alleging that the defendant, Vivian Anderson, being the owner of the property and "being indebted to intervening defendant to the extent of two thirds thereof," executed and delivered to the intervening defendant her mortgage on said property to secure the payment of "said indebtedness." We may dismiss from consideration any reference to the defendant in intervention for the reason that there has been no appeal from the judgment against her.

The court made separate findings, conclusions, and decree against the intervening defendant barring and foreclosing her rights to the property in question, with the privilege of redemption upon payment of $500. There was no motion for a new trial filed by defendant in intervention, and, while she joins in the appeal, the notice of appeal refers specifically to the decree which was entered and filed October 8, 1929, and makes no reference to the decree entered October 14, 1929, which is the decree against the intervening defendant. At the time notice of appeal was filed more than six months had elapsed since the entry of this judgment, and, since no motion for new trial had been made with respect thereto, the appeal, even if it made specific reference to the decree of October 14, came too late.

Opon trial the district court found in favor of plaintiff and entered a decree providing: "It is hereby ordered, adjudged and decreed that all of the right, title and interest and equity of redemption of the defendant in and to the real property described as follows: (Describing the property) be and the same is hereby barred and foreclosed, and plaintiff's title to said premises is hereby quieted against any and all claims of defendant Vivian Anderson thereto, provided, however, that the defendant shall have the right to redeem the above described property from the foreclosure sale at any time within six months from date hereof by payment of said sum of $500, together with interest at eight per cent per annum from October 27th, 1927."

The decree also gave judgment in favor of defendant and against plaintiff for $10 as damages for plaintiff's possession of the premises, and gave plaintiff judgment for costs. This judgment was made and entered October 8, 1929. The defendant, Anderson, timely filed notice of intention to move for a new trial, and on November 9, 1929, the motion for new trial was denied. Defendant served and filed notice of appeal April 28, 1930.

We are met at the outset by a motion to dismiss the appeal upon the ground that the same was not taken within six

months after entry of the judgment appealed from. The judgment, however, did not become final for the purpose of an appeal until November 9, 1929, when the motion for a new trial was overruled. The appeal was taken within six months of that date and was therefore in due time. *State Bank* v. *Mortensen,* 66 Utah 290, 241 P. 1055. The motion to dismiss the appeal is without merit and is therefore denied.

We are also met by a motion to strike the bill of exceptions, but, in view of the fact that this appeal can be decided without reference to the bill of exceptions, we do not pass on that motion.

Coming to the case on its merits, numerous errors are assigned and argued by appellant, but, in the view we take, it is necessary to pass only on two assignments, that the court erred in overruling the demurrer to the complaint and that the decision and decree are against law.

Appellant contends that, as the complaint shows a former foreclosure of the mortgage, respondent is barred by the provisions of Comp. Laws Utah 1917, § 7230, providing that there can be but one action for the recovery of a debt secured by mortgage which must be as therein provided.

Respondent contends that:

"Where the interest of a person who was not joined in the first proceeding was discovered after judgment was rendered and no negligence or want of due diligence on the part of the plaintiff existed, or where the interest of such person was fraudulently concealed from the plaintiff, the right to maintain a second foreclosure suit exists." 19 Standard Enc. of Procedure 913 (e).

In support of this contention, respondent also cites 41 C. J. 894; 42 C. J. 172; Jones on Mortgages (4th Ed.) § 1779; *Brackett* v. *Banegas,* 116 Cal. 278, 48 P. 90, 58 Am. St. Rep. 164; *Gerig* v. *Loveland,* 130 Cal. 512, 62 P. 830; *Ludwig* v. *Murphy,* 143 Cal. 473, 77 P. 150; *Norton* v. *Newerf,* 45 Cal. App. 10, 187 P. 57; *Crystal River Lumber Co.* v. *Knight Turp. Co.,* 69 Fla. 288, 67 So. 974, Ann. Cas. 1917D, 574; *Key West Wharf Co.* v. *Porter,* 63 Fla. 448, 58 So. 599, Ann.

Cas. 1914A, 173; *McCague* v. *Eller,* 77 Neb. 531, 110 N. W. 318, 124 Am. St. Rep. 863; *Dodge* v. *Omaha & S. W. R. Co.,* 20 Neb. 276, 29 N. W. 936; *Webb* v. *Trimble,* 143 Ky. 375, 136 S. W. 870; *Varick* v. *Higgins,* 99 Misc. Rep. 292, 163 N. Y. S. 673; *Miller* v. *City and County of Denver,* 63 Colo. 389, 167 P. 769.

The paragraph in Standard Enc. of Procedure, from which respondent quotes, closes with the statement:

"Whenever a second mortgage foreclosure suit may be maintained, the decree of foreclosure in the first suit is, for the purpose of the second suit treated as a nullity."

The rule announced in 41 C. J. 894 is:

"Where the owner of the equity of redemption is, through a mistake, not made a party to the foreclosure suit, the purchaser may sue *to set aside the former foreclosure* and for a new foreclosure and sale." (Italics ours.)

We need not discuss each of the cases cited. They, in the main, support the rule announced in Corpus Juris. The following cases illustrate the various situations where a second action may be brought to foreclose a mortgage where necessary parties were omitted in the first action. *Brackett* v. *Banegas,* supra, holds that, where a foreclosure is void by reason of the wife of the mortgagor not being made a party, there being a declaration of homestead of which the mortgagee was ignorant at the time of foreclosure, a suit may be maintained by the mortgagee to set aside the former foreclosure and for a new foreclosure sale. *Norton* v. *Newerf,* supra, holds that the purchaser at foreclosure sale, ineffective because the then owner of the property was not made a defendant (as in this case), may sue to set aside the former foreclosure and have a new foreclosure and sale. *McCague* v. *Eller,* supra, was an action by grantee of purchaser at foreclosure sale against persons owning an undivided interest in the mortgaged property, but who had not been made parties to the foreclosure, to foreclose their interests in satis-

faction of the unpaid deficiency. The plaintiff became the owner, by reason of such foreclosure and sale, of an undivided one-half interest in the property, but such sale was ineffective as to the other one-half interest for the reason stated. Relief was granted and a foreclosure and sale of the other half interest ordered.

Respondent has not brought herself within the rule stated in 41 C. J. 894 and cases cited. She did not seek to have the former foreclosure set aside and a new foreclosure and sale ordered, nor did she treat the original foreclosure as a nullity and attempt to have a new foreclosure regardless of the first one. Neither did she seek to have the interest of the party omitted from the first suit sold in satisfaction of an unpaid deficiency. On the contrary, she relies on the foreclosure and sale, and by virtue thereof claims to be the owner of the property subject only to an equity of redemption in appellant which she seeks to have foreclosed and extinguished without any valid sale of the property, and to have appellant's title divested and transferred to her regardless of its value. The foreclosure and sale were ineffectual to convey any title to respondent, the purchaser at such sale, because the only person who had any title to the property was inadvertently overlooked and not made a party to the suit. *Goodenow* v. *Ewer*, 16 Cal. 461, 76 Am. Dec. 540. The sale by the sheriff could be effective in conveying only the right, title, and interest which the parties defendant in that suit had in the mortgaged property, but nothing more. Such parties had no interest in the real estate, each, before suit, having conveyed the property by warranty deed. Thus, no interest in the realty was vested in the purchaser by the sheriff's sale. The mortgagor had a right to sell his estate in the property, and this estate for convenience is referred to in the books as the equity of redemption. *Banfield* v. *Marks*, 56 Cal. 185. But it is apparent that such grantee has more than a naked equity of redemption. When the mortgagor has conveyed his interest in the property, he is as to it henceforth a stranger, *Lord* v.

*Morris,* 18 Cal. 482, and the legal title vests in the grantee, *Johnson* v. *McDuffee,* 83 Cal. 30, 23 P. 214, who then stands in the mortgagor's place in regard to the mortgaged property and the mortgage lien, with the same rights as had his grantor to contest the validity and extent of the liens and to object to the sale. *Brunswick Realty Co.* v. *University Inv. Co.,* 43 Utah 75, 134 P. 608; *Boggs* v. *Fowler & Hargrave,* 16 Cal. 560, 76 Am. Dec. 561; *Goodenow* v. *Ewer,* supra. Such conveyance is, of course, subject to the mortgage, since the mortgagor cannot affect or defeat the rights of the mortgagee without his consent. Such grantee is entitled to have lawful foreclosure of the mortgage and the right to redeem from the sale.

In the absence of a statute to the contrary the rule is that a creditor whose debt is secured by mortgage has two separate and independent remedies, which he may pursue successively or concurrently, one being on the note against the person and property of the debtor, and the other by foreclosure to subject the mortgaged property to its payment. 19 R. C. L. 511. This rule, however, is not applicable in this state because of the statute, Comp. Laws Utah 1917, § 7230, providing that there can be but one action for the recovery of a debt secured by mortgage. The statute was enacted for the very purpose of doing away with the rule allowing an action on a note, and also a suit to foreclose the mortgage securing it, and to avoid a multiplicity of actions on the same debt. *Felton* v. *West,* 102 Cal. 266, 36 P. 676; 18 Cal. Jur. § 523. The theory upon which the complaint here proceeds is wholly contrary to the provisions of the statute. Respondent, while seeking to foreclose her mortgage in the first action, failed to effect a foreclosure because the owner of the property was not a party to the action; hence the decree of foreclosure was void and of no effect as such, but by her action she succeeded in obtaining a' personal judgment against the mortgagor and certain of his grantees. The respondent, while holding and keeping the advantage of such personal judgment, in addition there-

to now seeks to foreclose the mortgage against the owner of the premises; hence we have two actions on the debt, the first an action on the note resulting in a personal judgment and the second a foreclosure of the equity of redemption. This may not be done. 19 R. C. L. 436. The earliest expression of this court in construing the provisions of section 7230 is found in *Bacon* v. *Raybould*, 4 Utah 357, 10 P. 481, 483, 11 P. 510, wherein it is said:

"A party having one suit, either pending or in judgment, for a debt secured by mortgage, cannot have another action for the recovery of the same debt. His whole claim must be embraced in one suit."

This statement has been held not to apply to the mere pendency of a foreclosure suit without judgment and sale of the mortgaged property as divesting the lien of another mortgage on the same property securing another debt due, created by the same transaction as the one sued on and not included in the same suit. *Thompson* v. *Skeen*, 14 Utah 209, 46 P. 1103. So far as applicable to facts such as in the instant case the statement quoted from *Bacon* v. *Raybould* stands unmodified. The first action stands as a bar to the second. The respondent has not attempted, as she might have done, to remove the bar by asking the first judgment to be set aside. *Gerig* v. *Loveland*, 130 Cal. 512, 62 P. 830. The demurrer to the complaint should therefore be sustained.

Both the complaint and the decree proceed on the theory of "strict foreclosure" which was the natural remedy upon a mortgage when it was regarded as a conditional sale of land rather than a mere security. 3 Jones on Mortgages (8th Ed.) § 1961. This method of foreclosure is permissible in some jurisdictions to perfect a title obtained by foreclosure when the party omitted from the original foreclosure had in fact only an equity of redemption, that is, the right to redeem by virtue of a subsequent lien, but not when the omitted party held title to the property. *Leslie* v. *Smith* (S. D.) 234 N. W. 669; 3 Jones on Mortgages (8th Ed.) § 1965; 42 C. J. 20. We need express

no opinion, and therefore do not, as to whether a strict foreclosure may be allowed in this state when the facts make it a proper case for such procedure as recognized in other jurisdictions, but do hold that this method of foreclosure is wholly inapplicable where the respondent has obtained no title to the property by virtue of the former foreclosure and sale. 3 Jones on Mortgages (8th Ed.) § 1793; *Warner Bros. Co.* v. *Freud*, 138 Cal. 651, 72 P. 345. The appellant here had more than a mere naked right of redemption. She is the owner of the premises, and, as we have said above, is entitled to defend against the mortgage debt, and on a sale under foreclosure is entitled to all surplus money received at said sale after payment of the amount due on the mortgage with interest and costs and expenses of sale. This is a valuable right of which she cannot be deprived.

The complaint in the present action sets forth adequate reasons to excuse the respondent for her failure to make Vivian Anderson a defendant in the former action. The mistake was one of fact. Under such circumstances a separate action may be maintained to set aside the former proceedings and for a new foreclosure and sale of the mortgaged premises for the purpose of foreclosing the equity of redemption of the present owner of the estate. *Ludwig* v. *Murphy*, 143 Cal. 473, 77 P. 150. But such equity of redemption cannot be extinguished or title vested in another except by a lawful foreclosure and sale pursuant to Comp. Laws Utah 1917, §§ 7230 to 7237 and 7253. 18 Cal. Jur. § 623.

We have been able to find neither authority nor precedent for such foreclosure as attempted by the decree herein. The decisions of this court, so far as they shed any light on the question, are all against it. *Marks* v. *Taylor*, 23 Utah 470, 65 P. 203, was an action to reform a mortgage and a sheriff's deed on foreclosure, so as to include other property omitted from the mortgage by mutual mistake. The trial court granted the full relief prayed for, but this court, after once affirming the judgment, on rehearing modified the same so

as to reform the mortgage only, as the reformation of the sheriff's deed would have vested the plaintiff with property which had never been advertised, offered for sale, or sold, and which might have been purchased by others had it been offered. In *Salt Lake Inv. Co.* v. *Fox,* 37 Utah 334, 108 P. 1132, an action to quiet title, plaintiff, claiming under a tax sale, failed to establish its alleged title, but the trial court awarded it a lien for taxes paid, and, to foreclose the same, adjudged the plaintiff to be the owner of the property by reason of the refusal of the defendant to make payment thereof, reciting that such decree was in the nature of a foreclosure, and granted the defendant the right to make redemption therefrom. This court reversed such judgment, holding that the court could not thus divest the defendant of his title and vest the same in plaintiff, and directing that the lien be foreclosed by sale of the property, the defendant being entitled to any surplus remaining after payment of the lien, and with the right to redeem. See, also, *Hammond* v. *Wall,* 51 Utah 464, 171 P. 148; *Fields* v. *Cobbey,* 22 Utah 415, 62 P. 1020.

The decree entered which attempted to divest the defendant of her title to said lands and to vest the same in plaintiff without a valid foreclosure and sale, was clearly beyond the power of the court and contrary to law.

The judgment as entered by the district court is reversed and set aside and the cause remanded, with instructions to the district court of Cache county to sustain the demurrer to the complaint.

A motion was made by respondent to strike the abstract for the reason that it does not substantially comply with the rules of this court. The abstract is not in proper form and has been of no assistance to the court in reaching a decision. For this reason the appellant cannot recover costs for the printing of the abstract. With this exception costs are awarded in favor of the appellant.

CHERRY, C. J., and ELIAS HANSEN and EPHRAIM HANSON, JJ., concur.

STRAUP, Justice (dissenting).

I dissent. The prior foreclosure proceedings as to those who were parties thereto were not void but binding on them. They were not binding as against the appellant, Anderson, because she was not a party to such proceedings. Because they were not binding as to her does not, however, render them void as to those who were parties thereto, unless it be held that in foreclosure proceedings, if all those who may be made proper parties are not made parties, the proceedings are void. I am not prepared to hold that.

Inasmuch as the plaintiff herself purchased the property on the first foreclosure, took a deficiency judgment against the mortgagors which was fully paid by them, I think the first foreclosure, as to all persons parties thereto, should not as to them be disturbed. It, of course, is of no binding effect as to the appellant. The plaintiff, for the reason stated in the prevailing opinion, being without knowledge when the first foreclosure was had that the property prior thereto had been conveyed to appellant, and that she as owner claimed an interest therein subject to plaintiff's mortgage, and thereafter discovering such claim, had, as I think, the right to foreclose her mortgage as against the appellant, without setting aside or disturbing the prior foreclosure. In doing so, the appellant, of course, had the undoubted right to set up whatever claim she could have set up had she been a party to the first foreclosure; the right even to controvert, if she desired, the amount due and unpaid on the debt secured by the mortgage, to require the plaintiff to give full credit for all payments made and sums of money received by her including the amount received by her on the deficiency judgment as the result of the first foreclosure and to have the mortgage discharged upon the appellant, paying whatever remained unpaid on the debt, or to demand the property to be sold for such balance remaining unpaid, and the surplus, if any, yielded over to the appellant with all rights of redemption as by the statute provided.

That, in my opinion, would not be in conflict with the provisions of the statute referred to in the prevailing opinion that there can be but one action for the recovery of a debt secured by mortgage. The general purport of such statute is that no action can be maintained on the debt alone (except in cases not here material) without foreclosure or by waiving the mortgage lien and suing alone on the debt. No attempt was here made to sue on the debt alone or waive the mortgage lien. One action and only one action was brought against the mortgagors and others made parties to that action foreclosing their rights. But, until this action was brought, none was brought against the appellant. As to her, only one action is brought; this action, to foreclose her rights. I do not see wherein the statute stands in the way of it. She not being a party to the first action and the proceedings therein had not binding on her, not anything there determined may be asserted against her or claimed by her. As to her, the first action is no action. If it be claimed the judgment rendered is not in accordance with this, it can be modified accordingly.