WILLIAM S. SAMPLE, Appellee, HUGH W. SAMPLE, Assignee;
v. CHARLES W. RAND AND CARRIE A. RAND AND THE
RAND LUMBER COMPANY, Appellants.

**Land Sale Commissions:** COMPENSATION OF AGENT. An instruction
that if the jury found that deceased's brother employed plain-
tiff to sell the property, without naming the purchaser as a
probable purchaser, and plaintiff went to him, and got a cer-
tain offer, which was submitted to the brother, and afterwards
the property was conveyed to said purchaser at a price exceed-
ing the offer, plaintiff could* recover the customary compensa-
tion, was proper.

**Assignment of Claim:** EFFECT PENDING ACTION. Where plaintiff,
during an action to recover commission for finding a pur-
chaser of property, assigned his claim, defendants cannot
complain thereof because plaintiff recovered judgment, since
an assignment of an interest in a claim, after suit brought,
does not cause the action to abate but it may be prosecuted
in the name of the original party, or the assignee may be
substituted.

**Instructions:** CONFLICT IN TESTIMONY. There being a dispute in
the evidence as to whether or not the price for the property
was definitely fixed at the time of plaintiff's employment, it
was not error to refuse an instruction that assumed that the
price was fixed.

ON TESTIMONY NOT IN CONFLICT. Where, in an action to recover
commissions for finding a purchaser for property, there was
no conflict in the evidence as to the usual commission for
finding purchasers, which was as stated by the court, and
the case was tried on the theory that plaintiff was entitled
to full compensation for finding a purchaser or nothing, there
was no error in instructing that plaintiff, if entitled to recover,
was entitled to the customary charges for such services of
5 per cent. on the first thousand dollars, and 2½ per cent. on
the balance of the purchase price.

PLEA AND INSTRUCTIONS. Where, in an action to recover commis-
sions for finding a purchaser to property, in which there was
a general denial, no issue of fraud or bad faith was tendered,
but on the trial defendants claimed that plaintiff, instead of
ascertaining whether the prospective purchaser already in mind

2 would give a certain sum, told such purchaser that he could' get it at his own price, and he thought he could buy it at a. certain less sum, it was not error to refuse an instruction. that plaintiff owed defendants his best efforts, and entire good. faith, and unless the jury found that he in good faith. attempted to obtain the price asked he could not recover,. since it asked submission of a question not made by the pleadings.

**Review on Appeal:** CONFLICT IN EVIDENCE. A deceased person had. some negotiations with a third party, through plaintiff. looking to the sale of certain real estate. Deceased left his mother· as his only heir, and after his death plaintiff claimed that a. brother of deceased had requested him to find a purchaser for the property, and plaintiff procured the party with whom the deceased had negotiated. Defendants claimed that the brother· knowing of the prior negotiations, requested plaintiff to call' on the party negotiating, and see if he would still buy the· property at a certain price. *Held* that, there being a conflict. in the evidence on the nature of the employment, a judgment. for plaintiff would not be interfered with.

*Appeal from Lee District Court.*—HON. HENRY BANK, JR.,. Judge.

SATURDAY, DECEMBER 22, 1900.

ACTION at law to recover a commission for the sale of real estate. Trial to a jury, verdict and judgment for plaintiff, and defendants appeal.—*Affirmed.*

*James C. Davis* for appellants.

*James H. Anderson* for appellee.

DEEMER, J.—E. D. Rand and the Carson & Rand Lumber Company were the joint owners of some lots in the city of Keokuk. Prior to the death of Rand, which occurred in February, 1897, he had some negotiations with one Hubinger,. through plaintiff, Sample, looking to the sale of these lots. Rand left his mother, Carrie A. Rand, one of the defendants,. as his sole and only heir. It is claimed that, subsequent to·

the death of Rand, Charles W. Rand, a brother of the de-
ceased, who resided at Burlington, came to Keokuk, and re-
quested plaintiff, Sample, to find a purchaser for the prop-
erty. Sample claims that pursuant to this request he found
Hubinger, and that Charles W. Rand thereafter sold the
property to him. Defendants claim that Charles W. Rand
knew of the negotiations theretofore pending with Hubinger,
and that he merely requested Sample to call on Hubinger,
and see if he still desired to purchase the property, and would
give $7,000 therefor; that, pursuant to this request, Sample
called on Hubinger, and instead of ascertaining if he would
give the sum named, told him (Hubinger) that he could get
the property at his own price, and that he thought he
could buy it for $6,000. The dispute as to the na-
ture of the request and the character of the employ-
ment was submitted to the jury and it evidently found plain-
tiff's version of the affair the true one. Defendants asked
an instruction to the effect that Sample owed his employer
his best efforts and entire good faith, and that unless the
jury found that he in good faith attempted to obtain
the price asked for the property he could not recover.
The issues were made by a petition, in the usual
form, to recover a commission for finding a purchaser of de-
fendants' property, and a general denial of the allegations
thereof, found in defendants' answer. No issue of fraud or
want of good faith was tendered. For this reason alone, the
court was justified in refusing the instruction asked. If it
relates simply to the right of plaintiff to recover, the matter
was covered in the charge given by the court. If it related,
however, to the question of fraud or want of good faith, it
asked the submission of a question not made by the plead-
ings. Moreover, there was a dispute in the evidence
regarding the question of price being definitely fixed
for the property when plaintiff claims he was em-
ployed. The instruction asked assumed that a price was

fixed, and for that reason the court was justified in refusing it.

Instruction No. 8 reads as follows: "If the jury find, from a fair preponderance of the evidence, that the defendant Charles W. Rand employed the plaintiff, Sample, to sell the property in question, without naming J. C. Hubinger as a probable purchaser, and that in pursuance of such employment, Sample went to Hubinger, and got an offer of $6,000, which he submitted to said Charles W. Rand, and that afterwards the defendants conveyed the property to Hubinger for $6,500, then, if you so find, your verdict should be for the plaintiff for the customary compensation for making such sales, as shown by the evidence." This is objected to because it omits to direct that plaintiff's efforts, whatever they were, must have been the procuring and efficient cause of the sale. In the fourth instruction that matter was fully covered, and no complaint is made of that instruction, except that it conflicts with the one we have just quoted. In view of the evidence and of the other instructions that are too long to be set forth, we are of opinion there was no substantial conflict. As applied to the evidence, if the jury found the hypothetical facts stated in this eighth instruction to be true, there was no escape from the conclusion that plaintiff found a purchaser, and was the procuring cause of the sale. In other instructions the jury was plainly told that if, when Rand spoke to Sample about the sale of the property, he discussed the fact that Hubinger was a prospective purchaser, and requested Sample to see Hubinger relative to a purchase of the property, then the verdict should be for defendant; and in another that if Rand only requested plaintiff to try and sell the property to Hubinger for $7,000, naming Hubinger as a probable purchaser, then the verdict should be for defendants. Viewed in the light of these instructions, there was no error in the one complained of.

Instruction 11, relating to the measure of recovery, directs the jury that if it found for plaintiff it should allow

him the customary charges for such services, to-wit, 5 per cent. on the first thousand, and 2½ per cent. on the balance of the purchase price. This is complained of, because it is said the jury might have found that plaintiff was not entitled to the full amount, but was entitled to something for going to see Hubinger at defendant's request. There was no conflict in the evidence regarding the usual commission for finding purchasers, and that the usual charge was as stated by the trial court. The case was tried on the theory that plaintiff was entitled to full compensation for finding a purchaser or nothing. Under the instructions, there could have been no recovery on the theory now advanced by the defendants. Thereunder, if the plaintiff did not show himself entitled to the usual commission for finding a purchaser, he was not entitled to anything. Hence there was no error in the instruction given.

II. Defendants contend that the verdict is not supported by the evidence. On the main issues there was conflict. In view of this conflict, it is not our province to interfere.

III. Lastly, it is said that during the trial plaintiff, W. L. Sample, assigned his claim to Hugh W. Sample, and that he (plaintiff) is not entitled to recover. There is no merit in this contention. Transfer of an interest in a claim, after suit brought, does not cause the action to abate. It may be prosecuted in the name of the original party or the assignee may be substituted. The judgment seems to be in favor of the plaintiff. The trial court's attention does not seem to have been called to this matter, but, if it had been, we are inclined to think that defendants have no cause for complaint. No prejudicial error appears, and the judgment is AFFIRMED.