## CHARLES W. HARTMAN *vs.* CHARLES J. WARNER.

Third Judicial District, New Haven, June Term, 1902.

TORRANCE, C. J., BALDWIN, HAMERSLEY, HALL and PRENTICE, Js.

A plaintiff who obtains a verdict upon all the issues in the case except that of damages, is entitled to a new trial only for such errors as may have affected that question.

In an action for services rendered by a real estate broker in finding a purchaser for certain real estate, there having been no agreement as to the rate of commission, the measure of damages is the customary commission for the sale of such property; and if the evidence is insufficient to enable the jury to determine the customary rate, they should fix the damages at a fair and reasonable compensation for the services rendered.

It is error, in such a case, to instruct the jury that they are bound by
no rule whatever, but their own opinion; and if, after such instruc-
tion, the jury render a verdict for a sum manifestly less than either
the customary, or a reasonable, compensation, a new trial will be
granted.

Argued June 10th—decided July 18th, 1902.

ACTION to recover for services rendered as a real estate
broker, brought to the City Court of New Haven and tried
to the jury before *Dow, J.;* verdict and judgment for the
plaintiff for $2.60, and appeal by him for alleged errors in the
rulings and charge of the court.   *Error and new trial granted.*

The case is sufficiently stated in the opinion.

*David E. Fitzgerald* and *Walter J. Walsh,* for the appellant
(plaintiff).

*Charles K. Bush,* for the appellee (defendant).

HALL, J.   The plaintiff, a real estate broker, seeks by this
action to recover for services rendered at the defendant's re-
quest, in procuring a person ready and willing to exchange
city property for the defendant's farm in the town of Orange.
In his bill of particulars he claims two per cent of $13,000,
the conceded value of the defendant's farm.

The finding of the trial court states that these facts were
conceded by both parties : In the spring of 1899 the defend-
ant requested the plaintiff to find him a satisfactory customer
for the sale or exchange of his farm, and on or about the
20th of April, 1900, the plaintiff introduced to the defendant
one Goldstein, who owned property in the city of New Ha-
ven of the value of $18,000, with whom the defendant subse-
quently made a verbal agreement for an exchange of prop-
erties, the defendant to assume a mortgage of $10,500 upon
Goldstein's property, and the latter to assume a mortgage of
$4,600 upon the property of the defendant, and to pay the
defendant $500.   At the time agreed upon for the execution
of the necessary papers, Goldstein was ready and willing to
carry out the agreement, but the defendant refused to per-
form it, and has refused to pay the plaintiff for his services.

The defendant claimed that when he made said verbal agreement with Goldstein, he was induced to believe that the $10,500 mortgage could remain indefinitely upon the Goldstein property, provided the interest was promptly paid, and that he refused to make the exchange because he learned that the bank holding said mortgage required a semi-annual payment of $250 upon the principal until the mortgage should be reduced to $8,000.

The plaintiff claimed to have proved that Goldstein informed the defendant that $500 would have to be paid upon the $10,500 each year until it was reduced to $8,000, and that the defendant refused to carry out his said agreement of exchange because he was induced to do so by his housekeeper.

The jury rendered a verdict for the plaintiff for $2.60, and from the judgment for that sum the plaintiff appeals to this court. Twenty-one reasons of appeal are assigned, based upon alleged errors in rulings of the trial court adverse to the plaintiff upon questions of evidence, and in the charge to the jury.

As the verdict was in favor of the plaintiff upon all the issues, excepting the question of damages, he can obtain a new trial in this court only for errors of the trial court which may have affected the verdict of the jury upon that question. We shall only consider the one reason of appeal assigning such an error: namely, that the court erred " in stating to the jury, in response to the questions asked by the foreman, that they were not bound by any rules in fixing the damages."

It appears from the finding, that the jury having reported to the court that they were unable to agree, the foreman of the jury inquired of the court in these words: " In case of a verdict for the plaintiff the jury fixes the damages? " The court replied: " Fixing of the damages at so much; they have nothing to do with the question of costs. . . ." The foreman then said: " Not bound by any rule ? " The court answered: " No rule whatever." The foreman then asked: " By their own opinion ? " The court answered: " Own opin-

ion from the evidence as given before you.   Retire to the jury room and see if you can arrive at a verdict."

From these statements of the court the jury were clearly justified in believing that the law furnished no rule of damages whatever in a case of this kind, and that, if they rendered a verdict for the plaintiff, they were at liberty to fix the damages at any sum whatever within the amount demanded in the complaint.   That the jury so interpreted the remarks of the court seems evident from the very small sum awarded as damages.

There was evidence before the jury bearing directly upon the question of damages.   The finding says that " the plaintiff also offered evidence, and claimed to have proved, that two per cent of the (price or value of the) property sold or exchanged was the usual and customary commission of real estate brokers."

Although the court at the commencement of the charge referred to this evidence, it should have again called the attention of the jury to it, in answer to the question propounded by the foreman, and should have instructed the jury that in case of a verdict for the plaintiff, in the absence of any special contract as to the commission to be paid, the rule of damages by which the jury was to be governed was the customary commission or brokerage for the sale or exchange of such property; *Hoadley* v. *Savings Bank of Danbury*, 71 Conn. 599, 608; and that if the evidence before them showed that such ordinary commission was two per cent of the value of the property sold or exchanged, it was their duty, in case of a verdict for the plaintiff, to fix the damages at that sum. If, in the opinion of the court, the evidence upon the question of damages was such that the jury might not be able to find from it what the customary commission paid for such an exchange of property was, then the jury should have been instructed that their verdict, if for the plaintiff, should be for a sum which, in their judgment from the evidence before them, would be a fair and reasonable compensation for the services rendered.

It is manifest from the verdict that the jury adopted neither

of those rules. A new trial is granted on account of the failure of the court to properly instruct the jury as to the rule of damages.

Error and new trial granted.

In this opinion the other judges concurred.