## No. 9904.

### BURGESS *v.* COLE.

Decided Nov. 8, 1920.　Rehearing denied Jan. 10, 1921.

Action by real estate broker for commission. Judgment for plaintiff.

### *Affirmed*

### *On Application for Supersedeas.*

1. PRINCIPAL AND AGENT—*Real Estate Broker—New Deal.* Where a real estate broker produced a buyer to whom a sale was made, the fact that the price paid was lower than first suggested does not constitute a new deal brought about solely by the owner, whre all the property listed was not included in the deal.

2. *Real Estate Broker—Commission.* Where there is no agreement as to the amount to be paid a real estate broker for his services, a reasonable compensation is the rate prevailing among local agents.

3. APPEAL AND ERROR—*Findings and Judgment on Conflicting Evidence.* Findings of fact determined on ample, competent testimony and the judgment entered thereon, will not be disturbed on review.

*Error to the District Court of Routt County, Hon. Clarence J. Morley, Judge.*

Mr. JOSEPH K. BOZARD, for plaintiff in error.

Mr. A. M. GOODING, for defendant in error.

MR. JUSTICE BAILEY delivered the opinion of the court.

THIS action was brought for recovery of a commission said to be due plaintiff, John W. Cole, from defendant A. C.

Burgess, for negotiating the sale of certain ranch and personal property for the latter. Trial was to the court, with judgment for plaintiff. Defendant brings the cause here for review and seeks to have the writ of error made a supersedeas.

It appears that Cole is a real estate agent, and that Burgess offered to sell his ranch, with certain personal property, for $20,000.00, and, according to the testimony of Cole, offered to pay Cole "a good commission" should the latter find a buyer. Cole thereupon produced a person who bought the ranch and a part of the personal property, although not at the precise price or upon the exact terms first proposed. Burgess then tendered $50.00 to Cole in payment for his services, claiming that such sum was the agreed compensation. Cole disputed this and asserted that the agreement was that he should receive "a good commission." Evidence was introduced to show that five per cent of the purchase price of the property was a reasonable and usual commission, and Cole recovered $850.00, being such per cent of the sale price.

It is admitted that the sale was made to the person produced by Cole. It is true that the price was lower than that first suggested, but this is explained by the fact that only a portion of the personalty at first included was covered in the final transaction. This circumstance in no sense constitutes a new deal, as is contended, brought about solely by Burgess himself. *McCampbell v. Cavis,* 10 Colo. App. 242, 50 Pac. 728; *Carson v. Baker,* 2 Colo. App. 248, 29 Pac. 1134; *Knowles v. Harvey,* 10 Colo. App. 9, 52 Pac. 46; *Geiger v. Kiser,* 47 Colo. 305, 107 Pac. 267.

The only question to settle is whether there is sufficient competent testimony to support the findings. The testimony as to an agreement for payment of commission is in direct conflict. Burgess and his wife testified that Cole agreed to accept $50.00 as commission. Cole testified that the only agreement was that he was to be paid "well." That he was to receive "a good commission." The court having found that issue in favor of plaintiff, nothing remained to be

done but to determine the amount to be awarded. This was fixed at the usual rate prevailing among local agents, as shown by the evidence, which is in law held to be a reasonable compensation, and controlling in the absence of special agreement. 9 C. J. 580.

The questions are of fact, were all determined upon ample competent testimony in favor of plaintiff, and the judgment entered thereon, under our well settled rule, should not be disturbed on review.

Supersedeas denied and judgment affirmed.

MR. CHIEF JUSTICE GARRIGUES and MR. JUSTICE ALLEN concur.