## No. 10,126.

### MINKS *v.* CLARK.

Decided October 3, 1921.

Action by real estate broker for commission. Judgment for plaintiff.

*Affirmed.*

### On Application for Supersedeas.

1. BROKERS—*Real Estate—Commission.* If the transaction which a broker is authorized to consummate is the direct and proximate result of his efforts, he is entitled to a commission, even though he had no personal intercourse with the purchaser.

2. *Real Estate—Commission.* If a real estate broker has brought the parties together and as a result they conclude a contract, he is not deprived of his right to a commission by the fact that the contract differs from the one he was authorized to negotiate. And it is immaterial to the result whether the principal finally sells at a lesser price or sells a smaller amount of the property, other circumstances being such as to entitle the agent to his commission.

*Error to the District Court of Larimer County, Hon. George H. Bradfield, Judge.*

Mr. CLAUDE C. COFFIN, for plaintiff in error.

Mr. AB. H. ROMANS, Mr. PAUL W. LEE, Mr. GEORGE H. SHAW, for defendant in error.

MR. JUSTICE ALLEN delivered the opinion of the court.

THIS is an action to recover a real estate broker's commission. The complaint, in substance, alleges that the plaintiff, Carlton E. Clark, was employed by the defendant, W. O. Minks, to find a purchaser for the latter's property, and that he did thereafter find such purchaser in the person of one H. A. Myers. It is alleged that the whole of the property was sold for $35,000, and that the sum of $900 is due plaintiff as commissions. The cause was tried to a jury, resulting in a verdict for plaintiff in the sum of $700. Judgment was entered accordingly. The defendant has sued out this writ of error, and the cause is before us upon his application for a supersedeas.

The first contention of the plaintiff in error, defendant below, is to the effect that there is insufficient evidence to support the verdict. The evidence shows that the defendant listed for sale with the plaintiff certain real estate and personal property, including three separate tracts of land. Myers became a purchaser of the greater portion of the property, and procured one Mehaffey as a purchaser for the remaining property. Myers was a purchaser procured by the plaintiff. The whole of the defendant's property was sold for $35,000; the part taken by Myers was sold for $27,000, Mehaffey purchasing the remainder for $8,000. Assuming, without conceding or deciding, that plaintiff was employed only to find a purchaser for all of the property, this does not preclude plaintiff's right to compensation. He procured Myers as a purchaser for the greater part of the property and Myers in turn procured Mehaffey as a purchaser for the remaining portion of the

property. The plaintiff was, therefore, the procuring cause of the two transactions, or of the sale of the entire property. This is equivalent to the plaintiff's procuring a purchaser of the whole of the property. It is immaterial that the plaintiff never saw, nor had any conversations with, Mehaffey. Under the evidence, the jury would have been justified in awarding plaintiff a commission as for the sale of the entire property. *Satisfaction Co. v. York*, 54 Colo. 566, 131 Pac. 444. In 9 C. J. 611, citing the above case, it is said:

"If, however, the transaction which the broker was authorized to negotiate is consummated as the direct and proximate result of his efforts, he is entitled to a commission, and this is true even though he may have had no personal intercourse with the person with whom the principal enters into the contract."

The evidence shows that the plaintiff was employed to sell all of the property together. Whether he was also authorized to sell only the part that was purchased by Myers is not material, under the view we take of Instruction No. 7, hereinafter mentioned. There is sufficient evidence to support the verdict, and also a verdict for $900, which latter sum is conceded to be the proper amount of commissions on the sale of the entire property for $35,000. The jury however, found for the plaintiff in the sum of $700, evidently proceeding under Instruction No. 7, of which instruction the plaintiff in error complains.

By Instruction No. 7 the court instructed the jury that they may find for the plaintiff in the sum of $900 if he "was the procuring cause of the sale of all the property," and in the sum of $700 if he "was the procuring cause in the sale of only" that part of the entire property which was purchased by Myers.

It is not disputed that the instruction is correct if the complaint alleged and the evidence showed that the plaintiff was authorized not only to sell the entire property but also that part thereof which was sold to Myers. The

plaintiff in error, however, insists that the plaintiff was authorized to sell only the whole of the defendant's real estate and personal property. Assuming that the fact is as claimed by plaintiff in error, the instruction, under the evidence, is not erroneous. It is clear, from the record, that the plaintiff brought the defendant and Myers together, and as a direct and proximate result of the plaintiff's efforts, the defendant sold to Myers two of the tracts of land involved in defendant's original listing with plaintiff, and secured as a purchase price the sum of $27,000, which was all that was ever named by defendant to plaintiff as the purchase price so far as those two tracts of land were concerned. The reduction of the amount of the property was made of the defendant's own accord. The plaintiff should not be deprived of his compensation on that account. The principle controlling the case is the same as that which would obtain if the plaintiff or defendant had sold Myers all of the property but at a different price from that at which the plaintiff was authorized to offer the property. It was said in *Plant v. Thompson,* 42 Kan. 664, 22 Pac. 726, 16 Am. St. Rep. 512:

"The defendants will not be allowed to take advantage of their introduction to the purchaser by plaintiffs, and reap the benefits of the sale made to him in consequence, and then escape all liability of paying them their commission because they sold the land for a sum less than the price given their agents, where the reduction was made of their own accord."

This rule has been applied by this court. See *Millage v. Irwin,* 68 Colo. 188, 187 Pac. 525; *Morgan v. Howard Realty Co.,* 68 Colo. 414, 191 Pac. 114; *Geiger v. Kiser,* 47 Colo. 297, 107 Pac. 267; *Carson v. Baker,* 2 Colo. App. 248, 29 Pac. 1134. In 9 C. J. 600, it is said:

"If a broker has brought the parties together and as a result they conclude a contract, he is not deprived of his right to a commission by the fact that the contract so concluded differs in terms from the one which he was authorized to negotiate."

Upon principle, it is immaterial to the result whether the principal finally sells the property at a lesser price or sells a lesser amount of the property, other circumstances being such as to entitle the agent to his commission. As said in *Carson v. Baker, supra,* "since the broker has earned his wages, the owner ought not to complain if he is called upon to pay."

There is no error in the record. The application for a supersedeas is denied, and the judgment is affirmed.

MR. JUSTICE TELLER, sitting for MR. CHIEF JUSTICE SCOTT, and MR. JUSTICE BAILEY concur.