No. 25,415.

George B. McNinch et al., Appellees, v. Albert Rogers, Appellant.

SYLLABUS BY THE COURT.

1. Contract—Sale of Land—Deferred Payments—Default of Purchaser—Remedies Open to Seller. Where a contract for the sale of land provides that certain payments shall be made by the purchaser and there shall be compliance with other conditions; and also that in case of defaults by the purchaser the seller shall have the option to declare a forfeiture of the contract and of all rights of the purchaser thereunder, and there is a failure of the purchaser to comply with the conditions of the contract, the seller is at liberty to ignore his right to a forfeiture and avail himself of the ordinary remedies of the law for a breach of the contract by enforcing performance of the same and of his rights under. it.

2. Same—Limitation of Action—Not Pleaded—Not Available on Appeal. The defense of the statute of limitations not having been pleaded by defendant nor brought to the consideration of the trial court, is not available to him on appeal.

Appeal from Trego district court; Jacob C. Ruppenthal, judge. Opinion filed October 11, 1924. Affirmed.

McNinch v. Rogers.

*John R. Parsons,* of Wakeeney, for the appellant.
*Herman Long,* of Wakeeney, for the appellees.

The opinion of the court was delivered by

JOHNSTON, C. J.: This was an action to enforce and foreclose a contract for the sale of land. A demurrer to plaintiffs' petition was overruled and the defendant declined to file an answer to the petition. The court upon evidence as to the amount due under the contract gave judgment for plaintiffs. Defendant appeals and assigns as error that under the contract the plaintiffs were not entitled to the remedy sought, but at most might ask a forfeiture for nonpayment of amounts due after notice of defaults had been given, and was then entitled to eleven months additional time in which to be reinstated through the making of payments.

The contract made October 1, 1915, provided that in consideration of $2,700 to be paid by defendant in annual installments of $250 with accrued interest on the entire consideration, the plaintiffs would convey the land to him by a good warranty deed. It was stipulated therein that defendant should have the possession of the land at once, and that as soon as a crop was planted by him a three-fourths interest therein should become and remain the property of the plaintiffs until it was marketed, at which time the proceeds should be applied on the principal and interest due upon the contract, and if there was a surplus above the amount due it should become the property of defendant. There was a provision that any improvements placed on the land by defendant should not be removed without the consent of the plaintiffs, but were to stand as security for the faithful performance of the contract. It was further stipulated that defendant should pay all taxes levied against the land after the year 1915, and that there should be no assignment of the contract nor subletting of the land without the written consent of the plaintiffs. Another provision was that if the defendant failed to comply with the conditions of the contract as to time and manner of performance or should breach any of its conditions, the plaintiffs at their option might forfeit the contract, in which event all payments that had been made by defendant should be treated as rent for the use of the premises. In case the plaintiffs chose to declare a forfeiture it was agreed that they should give defendant written notice thereof, specifying the defaults, and that

if the defendant should within eleven months thereafter fully perform the conditions of the contract there should be no forfeiture, but if the defaults continued more than eleven months after the notice, the contract would be deemed to be absolutely forfeited and defendant required to surrender the possession of the land with all improvements thereon.

According to the record defendant made the required payments for the year 1916 but has defaulted in all payments of principal and interest as well as of taxes since that time. It is contended that plaintiffs' remedy was limited to a forfeiture of defendant's rights, and that such forfeiture could be avoided by making the overdue payments within eleven months after notice of defaults was given. By the terms of the contract plaintiffs had the option to declare a forfeiture or they were at liberty to resort to the ordinary remedies which the law affords for the breach of a contract. The option was with them and they chose not to avail themselves of the remedy of forfeiture, and were entitled to bring an action for the enforcement of the contract and the foreclosure of defendant's rights under it. (*Chambers v. Anderson,* 51 Kan. 385, 32 Pac. 1098; *Lumber Co. v. Town Co.,* 51 Kan. 394, 32 Pac. 1100; *Motzner v. Bogan,* 89 Kan. 496, 500, 131 Pac. 1193.)

Defendant urges that some of the overdue installments were barred by the statute of limitations. No such defense was pleaded and in fact no answer setting up any defenses was filed by the defendant. Not having been pleaded, the question of limitations was not brought to the consideration of the trial court and cannot be available to the defendant on this appeal. (*Croan v. Baden,* 73 Kan. 364, 85 Pac. 532; *Beachy v. Jones,* 108 Kan. 236, 195 Pac. 184; *Emerson v. Peters,* 110 Kan. 87, 202 Pac. 601.)

Moreover, the only defense made by the defendant was his attack on the plaintiffs' petition, and an appeal from the court's decision on overruling his demurrer was not taken within six months after it was made. He filed a general demurrer, and if plaintiffs were entitled to any relief, about some of which there was no question, the overruling of the same could not be held erroneous.

Judgment affirmed.