# IMLAY v. GUBLER.

No. 4999. Decided April 28, 1931. (298 P. 383.)

*Ernest H. Burgess,* of Cedar City, for appellant.
*W. B. Higgins,* of Fillmore, for respondent.

STRAUP, J.

This action was brought to recover on a written contract for the unpaid purchase price of real estate sold by the plaintiff to and purchased by the defendant. Demurrers were interposed to the complaint. They were overruled. The defendant answered. On motion of the plaintiff, judgment on the pleadings was rendered and entered in favor of the plaintiff. Findings also were made by the court in favor of the plaintiff and against the defendant. The defendant appeals.

The assignments challenge the rulings overruling the demurrer and granting judgment on the pleadings and on the findings. A review of the rulings involves a consideration of the contract, a copy of which was attached ■ to and made a part of the complaint. The contract was entered into January 1, 1927. By the terms thereof the plaintiff agreed to sell, transfer, and convey to the defendant certain lots fully described in Washington county and twenty shares of water stock in the St. George and Santa Clara Bench irrigation company, which properties the defendant agreed to purchase for the sum of $800, $100 of which was paid on the execution of the contract, and the balance to be paid in semiannual payments of $70 each, the first installment to be paid July 1, 1927, and $70 every six months thereafter until the balance was fully paid, together with 8 per cent interest on the deferred payments. The defendant also agreed to pay all taxes and assessments levied against the land and the water stock during the life of the contract. The contract also provided that the defendant was to be given immediate possession of the lands and the use of the water right. He was in possession of both when this action was commenced. It also was provided by the contract that, upon such payments being "punctually" made and upon full compliance by the defendant with all others terms and conditions of the contract, the plaintiff was to transfer and convey the land and the water right to the defendant. The contract further provided that:

"But in case default be made in said payments, or either of them or the taxes shall not have been paid each year, by the second party (the defendant) on the land and water rights herein described then this contract shall become null and void and the rights and interests of said purchaser (the defendant) shall be declared forfeited and the party of the first part (the plaintiff) shall have the right to re-enter and take possession of said property without recourse to law."

The contract was signed by both the plaintiff and the defendant. In the complaint it further is alleged that the only payment made by the defendant was the $100 paid when the contract was entered into, and that he failed to

pay any of the installments thereafter, and when the action was commenced there were three installments due and unpaid amounting to $285.20 and interest due and unpaid on the remaining $700 of the purchase price, and that, because of the defendant's failure to pay the taxes, the plaintiff was required to pay and paid $40 in taxes. The plaintiff further alleged that, when the installments became due and remained unpaid, the defendant requested the plaintiff not to repossess the property, but to permit the defendant to remain in possession, and that, if he was permitted to do so, he would be able to pay and would pay the full amount due and unpaid on the contract, and that, in accordance with such request and promises, the plaintiff permitted the defendant to remain in possession of the premises and to enjoy the use and benefits thereof. The plaintiff prayed judgment for the amount due on the unpaid installments, together with interest on the $700 and for the amount paid by him for taxes, for which judgment was rendered and entered in the sum of $460.

The defendant by his answer admitted the execution on the contract as alleged in the complaint. While in his answer he denied "that there is now due from the defendant to the plaintiff the sum of $285.20 (the amount alleged in the complaint to be due and unpaid on the installments) or any other sum," which was a denial of a mere conclusion, yet affirmatively alleged in his answer "that the defendant failed to pay the installments as they became due as alleged in said complaint, and for such failure, the said agreement became null and void, which terminated said agreement, for the sale of said land and water was not a complete sale but only an executory contract, and the defendant could at any time terminate the same by failure to make the payments at the time they became due."

Nowhere in the answer did the defendant deny the allegations of the complaint of non-payment of the installments, or of any part thereof, nor did he aver that they or any part thereof had been paid. His denial of a mere conclusion of

law that there was "due the plaintiff from the defendant the sum of $285.20 or any other sum" was based on his further averment in the answer that, because he had "failed to pay the installments as they became due as alleged in the complaint," the agreement became null and void and was terminated, and therefore there was not anything "due" the plaintiff thereunder. That presents the real controversy in the case, and it is upon such ground that the claim is made error was committed in overruling the demurrer and in granting judgment on the pleadings. In such respect the claim is made that, by reason of the forfeiture clause of the contract, in case default be made in payment of the installments, etc., "this contract shall become null and void and the rights and interests of said purchaser (the defendant) shall be declared forfeited and the party of the first part (the plaintiff) shall have the right to re-enter and take possession of said property without recourse to law," the contract, on defendant's failure to pay the first or any other installment, was terminated and became null and void, and that the only remedy the plaintiff had was to re-enter and take possession of the land and of the water stock and treat the first or initial payment of $100, the only payment made on the contract, as liquidated damages and as his only damage, and that the plaintiff had not the right to sue on the contract to recover any part of the purchase price remaining due and unpaid, or specifically to enforce the contract, or to take possession of the lands and recover damages for any breach of the contract, nor claim any damage beyond the payments made and forfeited by the defendant. In other words, and as stated by the defendant in his brief, the claim is made that "upon defendant's failure and refusal to perform or make further payments on the contract the same became at once null and void and suit cannot be maintained thereon," and that the contract did not provide for an election of remedies. To support such contention the defendant cites and relies on the cases of *Dopp* v. *Richards*, 43 Utah 332, 135 P. 98; *Rose* v. *Garn*, 56 Utah 533, 191 P. 645; *Cooley* v. *Call*, 61 Utah 203,

211 P. 977, 978. We think the cited cases do not support the contention. In the Dopp Case a different question was before the court, and not anything there decided lends any support to the contention. In the Rose Case the action was one by the vendor for specific enforcement of a real estate contract. A deed was placed in escrow to be delivered on payment of the purchase price of which $500 was paid immediately after the execution of the contract and $28,500 was to be paid four or five months thereafter. The contract contained a forfeiture clause that:

"In the event that said payments are not made when due, or thirty days thereafter, said deed, abstract, and other papers deposited with this agreement shall become null and void and all sums of money theretofore paid by the grantee shall be forfeited to the grantors as liquidated damages."

The holding in that case was that, by reason of such forfeiture clause, all the rights the vendor had was to recover possession of the property and retain what was paid on the purchase price, and that he was not entitled to specific enforcement of the contract or to recover any part of the remaining unpaid purchase price. In the prevailing opinion it is not stated whether by the terms of the contract the vendee had agreed to purchase the property or had expressly promised to pay the purchase price. In one of the concurring opinions it, however, appears that the contract was a mere option to purchase and where there was no promise or undertaking on behalf of the vendee to pay the purchase price. By the prevailing opinion the case seems to have been ruled on the proposition that, in view of the forfeiture clause and on failure of the grantee or purchaser to make the payments as by the contract provided, the contract was to be null and void and all sums of money paid on the contract to be forfeited as "liquidated damages"; the parties in effect had agreed that the only remedy given the vendor on failure of the purchaser or vendee to make the payments or to carry out the terms of the contract on his part to be carried out was to re-enter and repossess the property and to treat the

moneys paid on the contract as his only damage or loss, and that he could not enforce the contract or collect any part of the unpaid purchase price.

In the Cooley Case the vendor sought specific performance of a real estate contract by the terms of which the vendor agreed to sell and the vendee agreed to buy the real estate at an agreed price, part of which was paid when the contract was entered into and the balance to be paid in future payments. The holding was that the action could not be maintained, or any recovery had for the deferred payments due and unpaid, or for any breach of the contract by the vendee, because of the forfeiture clause of the contract which was as follows:

"In case said parties of the second part [the vendees] shall refuse or neglect to pay such purchase money or any installment thereof, or interest thereon, or taxes and assessments, when the same shall become due, then this contract shall terminate and be void. And any payments that shall have been made shall become forfeited to the same parties of the first part as stipulated damages for the non-performance of the terms of this contract. Said parties of the second part shall thenceforth be deemed tenants at will under the said parties of the first part, and subject to an action for forcible entry and detainer."

It is the contention of the defendant that the forfeiture clause of the contract under consideration, in legal effect, is the same as the forfeiture clauses in the Rose and in the Cooley Cases just referred to. It is to be noted that in such cases the language of the forfeiture clause was that on default of making the payments as by the contract provided, the contract was to be terminated, and whatever payments had been made were to be forfeited "as liquidated damages," while, by the contract under consideration, "the rights and interest of said purchaser shall be declared forfeited" and the vendor given the right to re-enter and take possession of the property. In the Rose and in the Cooley Cases the court considered and distinguished the case of *Wilcoxson* v. *Stitt*, 65 Cal. 596, 4 P. 629, 52 Am. Rep. 310, wherein the forfeiture clause was similar to the clause under consideration,

in which case it was held by the California court, that, notwithstanding the forfeiture clause, the vendor nevertheless had the right on default of deferred payments to enforce the contract and collect the balance due and unpaid thereon. The California case was not disapproved, but was distinguished by this court on the ground that the forfeiture clause there did not provide that the moneys paid were to be treated "as liquidated damages," and that it provided only, as does the clause of the contract here under consideration, that the right and interest of the purchaser in and to the contract were to be forfeited. Whether the distinction as made was well founded or not, it nevertheless was so made in determining the legal effect of the forfeiture clause of the contracts before the court in the Rose and Cooley Cases and there construed by this court. It thus follows that in harmony with such cases the contract here is not to be given the same legal effect as was given by this court to the contracts in the Cooley and in the Rose Cases, but is to be given the same effect as was given the contract in the California case, and thus the plaintiff on default of the deferred payments had the right to enforce the contract and to collect what was due and unpaid thereon.

It further is to be noted that in both the Rose and Cooley Cases this court recognized and approved the well-settled doctrine that as a general proposition forfeiture clauses of contracts of the character considered by this court are for the benefit of the vendor and not of the vendee, and that, on default of payments and noncompliance with the terms of the contract by the vendee, the vendor ordinarily has a choice of several remedies. He at his election may (1) specifically enforce the contract, or (2) sue at law to recover the purchase price remaining due, or (3) re-enter and take possession of the lands and recover damages for the breach of the contract. The contract here was not a mere option to purchase. It was one where the plaintiff agreed to sell and the defendant to purchase the real estate and water right at an agreed price which the defen-

dant promised and agreed to pay as by the terms of the contract provided, and where he as well as the plaintiff was required to perform the covenants and conditions respectively imposed on each and as by the terms of the contract provided. We thus are of the opinion that the plaintiff had the right to maintain the action and to enforce the contract as was done, and that the demurrers were properly overruled; and, inasmuch as the defendant by his answer admitted the execution of the contract and expressly admitted that he had failed to make the payments as alleged in the complaint and as provided by the contract, judgment on the pleadings was properly granted.

It, however, is further urged that an issue was tendered as to the allegations of the complaint, that at the request of the defendant and upon his promises to pay the deferred payments if permitted to remain in possession of the premises and the plaintiff permitting the defendant to remain in possession without the plaintiff exercising his right to re-enter and repossess the premises, and therefore the judgment on the pleadings was erroneously granted. Such allegations of the complaint were denied by the defendant only on information and belief. That is, the defendant averred that he had no knowledge as to whether he had or had not made the alleged request and promises, but was informed that he had not, which he believed to be true, and therefore, he, on information and belief, denied that he had made them. Assuming the issue material, which is doubtful, the alleged facts in such particular presumably were within the knowledge of the defendant, and hence, to raise an issue with respect thereto, he was required to deny such alleged facts positively, either by a specific or by a general denial. A denial of them only on information and belief was a mere evasion and in effect was no denial. *Thompson* v. *Skeen*, 14 Utah 209, 46 P. 1103; *Loveland* v. *Garner*, 74 Cal. 298, 15 P. 844; Bliss on Code Pleading, § 326; Phillips on Code Pleading, § 364.

The judgment of the court below is therefore affirmed, with costs to the plaintiff.

CHERRY, C. J., and ELIAS HANSEN, FOLLAND, and EPHRAIM HANSON, JJ., concur.