252 P.2d 515

**HART v. WARDER.**

No. 5546.

Supreme Court of New Mexico.

Jan. 15, 1953.

Daniel W. Caldwell, Springer, for appellant.

V. A. Doggett, Raton, for appellee.

COMPTON, Justice.

Appellee, plaintiff below, brought this action to recover the sum of $500 as commission for the sale of certain personal property belonging to appellant. In response to a motion to make more definite and certain, it was admitted that the contract of employment is oral.

The cause was tried to the court and the findings material to a decision are substantially as follows: During the latter part of the year 1949, appellant listed with appellee for sale his stock of merchandise consisting of hardware and furniture and agreed to pay a commission of 5% on the sales price. Thereafter, on or about May 1, 1950, appellee found an acceptable purchaser therefor, E. G. Cooper, who was ready, able and willing to buy the furniture only, for a consideration of $10,000, which resulted in a written contract between appellant and Cooper. The contract provides for the sale of furniture of the value of $10,000 on an inventory basis, payable $1,600 cash and the balance upon delivery on or before June 1, 1950. Subsequently, on May 12, 1950, the parties mutually rescinded the contract upon refund of the sum of $300 to Cooper, after which appellant refused to pay a commission.

The controversial provision of the contract reads:

"And the second party further agrees that if he shall fail to comply with the terms of this agreement, on his part to be kept and performed, then the first party may retain the said sum of $1,600, as liquidated damages for the second party's breach of this agreement, and both parties shall thereupon be released their obligations hereunder."

The questions for decision are (a) whether Chapter 19, Laws of 1949, approved

March 2, 1949, section 75–143, 1941 Comp. Sup., nullifying contracts for the sale or purchase of lands, tenements, hereditaments, or interest therein for a commission or other compensation, unless evidenced by a written memorandum, nullifies the agreement, (b) the sufficiency of the evidence to support the material findings, and (c) whether the sales contract itself is enforceable. The questions will be treated in that order.

▇ The title of the act reads: "An Act Relating to *Real Estate* Brokerage Contracts". Clearly the act is one dealing with contracts relating to lands; tenements, things of a permanent nature; and hereditaments, things capable of being inherited with land as distinguished from personal property. So, its scope cannot be extended to embrace contracts relating to personal property. Expressio unius est exclusio alterius.

▇ It is asserted that the material findings are without support in the evidence, particularly as to the sale of furniture alone. There is evidence, substantial in character, that appellant agreed to pay a commission on the sale of the property which appellee might secure, whether of hardware and furniture together, or the stock of furniture alone. Appellee testified to as much, and we think the objectionable finding was warranted.

▇ Further, a broker is entitled to a commission according to the contract if, while his employment is in force, he procures a purchaser to whom the owner makes a sale upon satisfactory terms to himself, but different from those limited to the broker. Frost v. Texas Gulf Sulphur Company, Tex.Civ.App., 17 S.W.2d 121; Hutton v. Stewart, 90 Kan. 602, 135 P. 681; Burgess v. Cole, 69 Colo. 341, 194 P. 611; Minks v. Clark, 70 Colo. 323, 201 P. 45; Godefroy v. Hupp, 93 Wash. 371, 160 P. 1056.

▇ Appellant contends that the contract merely gives the proposed purchaser an option to buy or forfeit the sum of $1,600 as liquidated damages. Conversely, appellee contends that the provision was one of penalty to secure the performance of a contract otherwise enforceable.

In resolving the question, we must look to the intention of the parties as expressed in the contract. That the parties themselves treated the agreement as an enforceable contract is shown by subsequent events. When confusion arose between them as to the quantity and quality of the stock of furniture appellant, instead of exercising an option, voluntarily entered into a new agreement whereby the original contract was rescinded upon his refunding to Cooper the sum of $300.

Further, the construction placed on the contract by the parties is further indicated by a provision of the new contract, which reads:

"Witnesseth: That on the 2nd day of May, 1950 the two parties entered into an agreement whereby E. G. Cooper was to purchase and George L. Warder was to sell the furniture business now owned by said George L. Warder."

The cases generally hold that such a provision does not convert a binding contract into a mere option on the part of the purchaser. Keinath Schuster & Hudson v. Reed, 18 N.M. 358, 137 P. 841; McNinch v. Rogers, 116 Kan. 686, 229 P. 78; Imlay v. Gubler, 77 Utah 547, 298 P. 383; Eaton v. Sadler, 215 Ala. 161, 110 So. 10; Suburban Imp. Co. v. Scott Lumber Co., 4 Cir., 59 F.2d 711, 87 A.L.R. 555; 49 Am.Jur. (Specific Performance) § 45; Annotation 32 A.L.R. 600.

We agree with appellee. The forfeiture clause was for the benefit of the owner. Whether he should accept the amount paid as liquidated damages, or seek redress for breach of contract, was left to his discretion.

The judgment will be affirmed, and it is so ordered.

SADLER, C. J., and McGHEE, COORS, and LUJAN, JJ., concur.