STURGIS, Judge.
The appellant, plaintiff below, brings this appeal to review a judgment in his favor, which he deems to be inadequate, rendered in an action at law wherein trial by jury was waived.
The plaintiff sued Alachua County Broadcasting Company to recover an alleged brokerage commission of 5% on a $100,000 sale of a radio broadcasting station. Defendant’s answer alleged, inter alia, that the agreed commission was 2[4% of the sale price or $2,500. By pre-trial order the issues to be tried were (1) whether there was a contract between the parties whereby the defendant agreed to pay a 5% commission on the sale; (2) whether there was a contract between the parties whereby the defendant agreed to pay a 2^4% commission on the sale; and (3) in the event the evidence on the issue of contract was insufficient to establish a brokerage contract between the parties, the question to be determined was the amount to be paid by defendant on a quantum meruit basis.
We have carefully reviewed the brief record herein. There was no formal contract covering the brokerage arrangement.’ In the course of the transactions leading up to the sale $5,000 was deposited in escrow with R. M. Chamberlin, .the president and treasurer of the defendant corporation. This sum, constituting a binder, was originally delivered by the purchaser into the hands of the plaintiff broker, and in turn transmitted by the plaintiff to Chamberlin. The letter of directions for handling the escrow contained the following provision:
“It is further understood that upon completion of this transaction [refer *304 ring to the sale] you will give Blackburn & Company [the plaintiff] satisfactory notes totalling $3,750 for the balance of the commission due [referring to a total commission of $5,000, less $1,250 ordered to be disbursed at the time of closing the sale]. These notes may be due and payable on the basis of 5% of moneys received by you in payment of the balance of the purchase price of Radio Station WGGG, and at the same time as you receive such payments.”
While Chamberlin did not formally accept the escrow, he retained the fund and delivered it to defendant for application on account of the purchase price.
Plaintiff’s uncontested evidence reflects that 5% of the purchase price is the customary brokerage fee for a transaction of the character in suit. On cross-examination of plaintiff’s witness, defendant was permitted, over objection of plaintiff, to bring out that approximately ten days was employed by plaintiff in effecting the sale and that plaintiff’s firm usually receives $250 per day, plus expenses, for its work when engaged to make appraisals of radio broadcasting stations.
Upon the evidence presented, the circuit court made findings to the effect that there was not sufficient evidence to establish a contract between the parties to pay either a 5% or a 2j/¿% commission on the sale of the .radio station; that the plaintiff was entitled to a brokerage fee for its services in obtaining a purchaser for the radio station ; and that the amount payable for the services must be' established on a quantum meruit basis. On that predicate the court found, as the evidence reflects, that when engaged in appraisal work plaintiff .receives $250 per day, plus expenses, for such services and had spent approximately ten days in effecting a sale of the property ;[1] and thereupon found that plaintiff should have a judgment against defendant for $2,500, less $625 admittedly paid by defendant on account, plus the reasonable costs incurred by plaintiff in effecting the sale of the radio station. Plaintiff was allowed fifteen days in which to file prae-cipe for costs incurred in connection with the sale. Plaintiff moved the court to amend the findings so as to eliminate therefrom the conclusions based on the testimony elicited over objection of plaintiff with respect to the amount charged and received by plaintiff for services when engaged on appraisal work; further, to amend the findings by adding thereto the proposition that the uncontradicted evidence discloses that radio station brokers are usually employed on a commission basis, that there is no evidence of plaintiff’s employment by defendant to work by the day, and that the customary charge for services of radio station brokers for like services as performed in this case is 5% of the sale price; further, to strike the finding that plaintiff was entitled to recover $2,500, less $625 theretofore paid, plus its reasonable cost in effecting the sale; and further, consistent with the suggested amendments and supplements to the findings, as moved by plaintiff, to find that plaintiff should recover a judgment against defendant for $5,000, less the sum of $625 theretofore paid by defendant, plus plaintiff’s reasonable costs incurred in effecting the sale. This motion was denied and final judgment entered in accordance with the court’s findings, from which this appeal was taken.
The questions for determination here may be summarized as follows: (1) Did the circuit court err in failing to find on the evidence that the usual and customary charge for the services performed by plaintiff is 5% of the sale price? (2) Did the circuit court err in failing to apply that measure of compensation in fixing the damages sustained by plaintiff? (3) Did the court err in admitting and adopting the *305 evidence concerning plaintiff’s charges for appraisal work unconnected with the sale of radio stations as a basis for determining the award of damages on quantum meruit? Each of these questions must be answered in the affirmative.
The trial court was within its prerogative in finding that the evidence failed to establish a contract whereby defendant. was obligated to pay to plaintiff a fixed amount for plaintiff’s services as broker. Consequently the broker became entitled to be paid on a quantum meruit basis. The amount payable under such circumstances is to be determined according to the custom or usage locally prevailing as to the amount payable for like work to the particular class of brokers in question. See Moncrief v. Hall, Fla.1953, 63 So.2d 640; 9 C.J. 580; 12 C.J.S. Brokers § 78. Competent, material and uncontra-dicted evidence in that regard cannot be ignored so as to arrive at a verdict contrary thereto. The authorities are generally in accord that where a person places property with a broker for sale, he impliedly agrees, in the absence of any special contract, to pay the customary commission or brokerage in the event a sale is consummated with a purchaser produced by the broker and who is ready, willing and able to pay the purchase price. See Burgess v. Cole, 69 Colo. 341, 194 P. 611; Hartman v. Warner, 1902, 75 Conn. 197, 52 A. 719; Sample v. Rand, 1900, 112 Iowa 616, 84 N.W. 683.
The testimony herein with respect to the charges of the appellant for appraisal work, which is not “like work” to that involved in selling property, was irrelevant and incompetent as a basis for the court’s findings on the quantum meruit. In ignoring the uncontradicted testimony presented by plaintiff in accordance with the rule laid down in Moncrief, the trial court misconstrued the legal force and effect of the uncontradicted material evidence.
For the reasons stated, the judgment appealed must be and it is reversed and remanded with directions to enter judgment for plaintiff in accordance with the views herein expressed.
Reversed and .remanded with directions.
WIGGINTON, C. J., and CARROLL, DONALD, J., concur.

. But this is not to say that this evidence was admissible. As hereinafter appears, it was not admissible.