IDA KUHN ET AL. *v.* BRIDGEPORT
AMBULANCE SERVICE ET AL.
(3850)

BORDEN, DALY and BIELUCH, Js.

Argued January 7—decision released June 2, 1987

*Lawrence V. Parnoff,* for the appellants (plaintiffs).

*Peter J. Dauk,* with whom, on the brief, was *Sheila M. Tierney,* for the appellee (named defendant).

BIELUCH, J. The plaintiffs, Ida and Russell Kuhn, husband and wife, have appealed from the trial court's judgment rendered after the denial of their motion to set aside the jury's verdict, finding the named defendant[1] liable for $2452.45 in damages to the plaintiff Ida Kuhn, and, upon the court's direction, finding for the defendant on the plaintiff Russell Kuhn's claim for loss of consortium of his wife. They claim, inter alia, that the trial court erred in finding that there was no evidence presented to sustain the husband's claim for loss of consortium, and that the jury's award of damages to the wife was inadequate. We find no error.

The following facts could reasonably have been found by the jury and are not in dispute. Ida Kuhn was injured while accompanying her mother to the hospital in an ambulance. This was a routine transport and not an emergency trip to the hospital. Ida Kuhn was sitting in the back of the ambulance when it stopped suddenly, causing her to fall. She sustained injuries which required medical treatment.

Ida Kuhn and her husband, Russell Kuhn, sued the defendant ambulance company and the driver of the

---

[1] The plaintiffs withdrew their action against the codefendant, Paul Monahan, driver of the ambulance in which the named plaintiff was a passenger. As used in this opinion, the term defendant refers only to Bridgeport Ambulance Service.

ambulance. The complaint sought damages for Ida Kuhn including medical expenses, loss of earnings, permanent physical injury, and physical and mental pain and anguish. Russell Kuhn sought damages for loss of consortium.

At the conclusion of the evidence, the trial court instructed the jury on those claims relating to Ida Kuhn's injuries. On motion of the defendant, however, the court directed the jury to find for the defendant on Russell Kuhn's claim for loss of consortium. In so doing, the court found that Russell Kuhn's testimony concerning his wife's inability to accompany him on trips was insufficient to support a claim for loss of consortium. The court similarly found that his assistance with housework because of Ida Kuhn's restricted activities was not a loss of consortium. The jury returned a plaintiff's verdict for Ida Kuhn, but only in the amount of her special damages, $2452.45.[2] This figure represents her medical expenses and loss of wages. It is apparent, therefore, that no award was made for her claims of permanent physical injury or physical and mental pain and anguish. The plaintiffs' motion to set aside the verdict as inadequate was denied.

The plaintiffs' first claim is that the trial court erred in directing a verdict for the defendant against Russell Kuhn. The court found that the only testimony concerning loss of consortium was Russell Kuhn's testimony that the injuries to his wife left her unable to accompany him on long trips and required that he assist her in housework. The trial court held that damages for loss of consortium are intended to compensate one spouse for the loss of companionship of the other spouse. It concluded that the inability of Ida Kuhn to accompany him on trips did not evidence that he lost

[2] A review of the exhibits establishes that Ida Kuhn incurred $2081.35 in medical expenses and $371.10 in lost wages, for a total of $2452.45.

her companionship. The trial court therefore directed the jury to render its verdict for the defendant on the husband's claim for loss of consortium.

In *Hopson* v. *St. Mary's Hospital,* 176 Conn. 485, 408 A.2d 260 (1979), our Supreme Court first recognized a spouse's right to recover damages for loss of consortium. Id., 494–95. The term consortium was defined as the services of the spouse, including financial support, and a variety of intangible relations which exist between spouses living together in marriage, generally described in terms of affection, society, companionship and sexual relations. Id., 487. The issue presented in the present appeal is whether the inability to accompany a spouse on long trips, if proven, is compensable as loss of consortium.

There is no precedent in this jurisdiction which recognizes such a travel restriction as compensable loss of consortium, although other jurisdictions have apparently recognized such a right. See *Massey* v. *Berlo Vending Co.* 329 S.W.2d 772, 778 (Mo. 1959) (upholding damages to husband for loss of consortium where spouse no longer able to go on trips, conventions or attend social functions). In the present case, however, we need not decide the precise issue, because the jury found that Ida Kuhn did not sustain any compensable physical injury beyond medical expenses and lost wages. This finding is inherent in the jury's limited award of $2452.45, which the plaintiffs concede represents only Ida Kuhn's medical expenses and lost wages. The jury, therefore, did not find that Ida Kuhn had sustained any compensable injury beyond medical expenses and lost wages. There is nothing in the record to indicate that contributory or comparative negligence was in issue in this case so as to compromise or reduce a verdict award to an injured plaintiff.

"[A] consortium action is derivative of the injured spouse's cause of action . . . ." *Hopson* v. *St. Mary's Hospital,* supra, 494; *Izzo* v. *Colonial Penn Ins. Co.,* 203 Conn. 305, 312, 524 A.2d 641 (1987). Russell Kuhn's recovery upon his claim for loss of consortium, was dependent upon the jury's determination that his wife had suffered compensable injuries in her own right beyond damages for medical expenses and loss of wages. See *Izzo* v. *Colonial Penn Ins. Co.,* supra; 2 M. Minzer, Damages in Tort Actions § 11.10. Even if the judge had allowed the jury to consider Russell Kuhn's claim for loss of consortium, the jury verdict rendered for his wife establishes that he could not have prevailed on his claim for loss of consortium which was contingent on a finding of additional compensable injury to his spouse. Loss of consortium rides piggyback on such additional compensable injuries to the spouse. See *Izzo* v. *Colonial Penn Ins. Co.,* supra. The alleged error, therefore, was harmless. See, e.g., *Cramer* v. *Barlow,* 138 Conn. 352, 356–57, 84 A.2d 795 (1951) (refusal to allow amendment to complaint alleging derivative liability for negligence not harmful error where trial court properly found alleged agent not negligent).

The plaintiffs' claims numbered two through four relate solely to alleged errors concerning the defendant's duty of care. The plaintiff Ida Kuhn claims that the trial court erred in restricting the testimony of an emergency medical technician concerning the stability of persons riding in the patient compartment of ambulances. She also claims that the court's charge on the issue of due care and its directed instruction that an ambulance is not a common carrier were erroneous. We need not address these three issues because they relate only to the issue of negligence, which was found by the jury in the plaintiff Ida Kuhn's favor. Any errors in the restriction of evidence, or in the trial court's jury charge, could not have adversely affected the jury's

determination and verdict for her and were harmless. See *Manning* v. *Michael,* 188 Conn. 607, 611, 452 A.2d 1157 (1982); *Darling* v. *Waterford,* 7 Conn. App. 485, 488, 508 A.2d 839 (1986). We need not, therefore, review these claims of error. See *Hartman* v. *Warner,* 75 Conn. 197, 199, 52 A. 719 (1902).

Ida Kuhn's fifth and final claim of error asserts that the court made improper comments on the evidence and misstatements of law in its charge to the jury, resulting in a compromise verdict. All but one of the statements by the court which Ida Kuhn now challenges concerned either the defendant's duty of care or her duty of due care. For the reason stated earlier, we will not review these statements. The one statement challenged by Ida Kuhn, which relates to the issue of damages, was not excepted to at trial. We, therefore, decline to review the challenged instruction. See *Shenefield* v. *Greenwich Hospital Assn.,* 10 Conn. App. 239, 244 n.4, 522 A.2d 829 (1987).

Ida Kuhn's claim that the statements by the court confused the jury and resulted in a compromise verdict requires brief comment. There is no support in the record for this claim. See *Fox* v. *Mason,* 189 Conn. 484, 489, 456 A.2d 1196 (1983). We conclude that the jury's verdict falls within the uncertain limits of fair compensation. See *Mansfield* v. *New Haven,* 174 Conn. 373, 387 A.2d 699 (1978). There is no evidence on the record which demonstrates that the jury was influenced by partiality, prejudice, mistake or corruption. *Fox* v. *Mason,* supra. The case of *Johnson* v. *Franklin,* 112 Conn. 228, 152 A. 64 (1930), cited by the plaintiffs, is not controlling in this case. In *Johnson,* the Supreme Court found substantial evidence of pain and suffering on the record. The record in the present case contains no such substantial evidence. From the evidence in the record, we cannot say that this is the exceptional case where the trial court would be justified in disturb-

ing the jury's award of damages as inadequate. See *Rickert* v. *Fraser,* 152 Conn. 678, 680, 211 A.2d 702 (1965) (where jury awarded plaintiff special damages for medical expenses and lost wages, no error in refusing to award for physical injury, pain and suffering). The trial court did not abuse its discretion in denying the plaintiffs' motion to set aside the verdict. *Zimny* v. *Cooper-Jarrett, Inc.,* 8 Conn. App. 407, 438, 513 A.2d 1235, cert. denied, 201 Conn. 811, 516 A.2d 887 (1986).

There is no error.

In this opinion the other judges concurred.